

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*50 Main Street, Suite 1100*
*White Plains, New York 10606*

June 12, 2024

**VIA ECF**
The Honorable Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

*I will move the civil case so 11/4/24 is a firm date for this case.*

SO ORDERED.

*Cathy Seibel*  6/17/24
CATHY SEIBEL, U.S.D.J.

  **Re:**  *United States v. Frank Butselaar*, 22 Cr. 560 (CS)

Dear Judge Seibel:

  The parties write jointly in this matter regarding the interplay between the upcoming Fed. R. Crim. P. 15 deadline and the trial schedule, as currently set by the Court.

  At the last status conference, the Court set a June 28, 2024 deadline for the parties to seek Rule 15 authorization from the Court for deposition of unavailable, foreign witnesses. As the Court is well aware, part of the Rule 15 analysis requires the Court to examine whether the requesting party has "made good-faith and reasonable efforts to obtain the witness's presence." *United States v. Mostafa*, 14 F. Supp. 3d 515, 524 (S.D.N.Y. 2014). Such efforts include "contact" over several months and the payment of "expenses of the witnesses." *United States v. Sindona*, 636 F.2d 792, 804 (2d Cir. 1980).

  The Government has been making such efforts over the last several months. As a result of these efforts, the Government has reasonable assurances that at least four witnesses who would offer material testimony, and who would otherwise be the subject of Rule 15 depositions, will voluntarily travel to the United States to be present for trial on November 4, 2024. All of these are witnesses that the defense would also otherwise seek Rule 15 depositions for.

  Given this, the parties are foregoing seeking Rule 15 depositions of certain witnesses based on their indication that they will be available for trial on November 4, 2024. An issue does arise, however, should the Court adjourn the current November 4, 2024 trial date. At the last conference, the Court indicated that it would inform the parties two weeks prior to November 4, 2024 whether it was adjourning the trial to January 6, 2025. Should that occur, the parties may—at that late stage— have to seek Rule 15 authority should witnesses refuse to commit to a modified travel schedule for a new trial date shortly after the New Year. The Court would then have

Hon. Cathy Seibel
Page 2 of 2

to rule on the parties' various applications and afterwards the parties would have to coordinate with foreign authorities, should the Court authorize the Rule 15 depositions, to take the depositions. The Court would also have to rule on the parties' various requests to admit portions of any Rule 15 depositions taken.

Those steps, in a condensed timeframe, could necessitate one or both parties seeking a delay of the current January 6, 2025 alternative date. Accordingly, the parties respectfully request that the Court set a date certain for trial so that the parties may appropriately work with various overseas witnesses to determine their availability as contemplated by Rule 15 and the Second Circuit's precedents. Defense counsel, in particular, strongly wishes to proceed to trial in November, particularly in light of Mr. Butselaar's pretrial detention. But, both parties agree that a date certain is important in light of the unique issues posed by the number of potential foreign witnesses in this case.

The parties are available to discuss this matter further with the Court and are available for a status conference or teleconference at the Court's convenience to discuss if useful to the Court.

      Very truly yours,

      DAMIAN WILLIAMS
      United States Attorney


by: s/_____
    Shiva H. Logarajah
    Jennifer N. Ong
    David A. Markewitz
    Assistant United States Attorneys
    (914) 993-1900