UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :     SUPERSEDING INDICTMENT

            - v -                                :     S1 22 Cr. 560 (CS)

FRANK BUTSELAAR,                      :

            Defendant.                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COUNT ONE
### (Conspiracy to Defraud the United States)

The Grand Jury charges:

### Introduction

1.    From at least in or about 2012 through at least in or about 2018, FRANK BUTSELAAR, the defendant, and others known and unknown, conspired to defraud the Internal Revenue Service ("IRS") by designing and implementing a fraudulent tax evasion scheme using the means and methods described below to conceal millions of dollars of worldwide income earned by certain high net worth clients during periods that the clients qualified as U.S. resident taxpayers and were therefore obligated to report their worldwide income on their respective U.S. tax returns.

### Relevant Persons and Entities

2.    At all times relevant to this Indictment:

    a.    FRANK BUTSELAAR, the defendant, was a sought-after international tax advisor to high-net-worth individuals. Until in or about 2013, BUTSELAAR was a shareholder at an international law firm's Amsterdam office.

    b.    Client-1 is an internationally renowned disc jockey ("DJ") specializing in the music genre known as electronic dance music ("EDM"). Client-1 earned the majority of his

income from live music performances at locations throughout the world. Client-1 was previously a tax resident of the Netherlands. Between 2012 and 2017, Client-1 qualified as a resident taxpayer in the United States due to the length of time he was present in the United States in those years.

   c. Client-2 is also an internationally renowned DJ specializing in EDM. Like Client-1, Client-2 earned the majority of his income from live music performances at locations throughout the world. Client-2 qualified as a resident taxpayer in the United States in 2013 due to the length of time he was present in the United States in that year.

### Obligations of United States Taxpayers With Respect to Worldwide Income

   3. At all times relevant to this Indictment, U.S. citizens and resident taxpayers who had income in any one calendar year in excess of a threshold amount ("U.S. taxpayers") were required to file a U.S. Individual Income Tax Return, Form 1040 ("tax return"). On that tax return, U.S. taxpayers were obligated to report their worldwide income, including all income earned from foreign sources, and to pay the taxes due on that income.

   4. Under Subpart F of the Internal Revenue Code, U.S. taxpayers were required, in specified circumstances, to include in their income certain types of income earned by Controlled Foreign Corporations, regardless of whether such income had been distributed to the taxpayer by the Controlled Foreign Corporation. *See* 26 U.S.C. §§ 951-965 & implementing regulations. These requirements were imposed by Congress to deter U.S. taxpayers from using foreign corporations to accumulate earnings abroad without paying tax.

   5. Under the Internal Revenue Code's grantor trust rules, when a grantor of a trust or other person maintained certain powers in respect of trust property or trust administration tantamount to dominion and control over the trust's property, the grantor of such trust or other person was deemed to be the owner of the trust property and the trust income was attributed to

such person. In addition, when a United States person transferred property to a foreign trust having one or more United States beneficiaries, the property was, in specific circumstances, attributed to the United States transferor. *See* 26 U.S.C. §§ 671-679 & implementing regulations. The grantor trust rules were enacted by Congress to deter U.S. taxpayers from avoiding tax by creating and funding trusts.

6.At all times relevant to this Indictment, the income of a U.S. taxpayer was assessed for purposes of the Internal Revenue Code according to truth and substance, without regard to form. Tax benefits were not afforded to transactions lacking in economic substance—that is, those transactions that cannot with reason have been said to have purpose, substance, or utility apart from their anticipated tax consequences.

### Methods and Means of the Conspiracy

7.From at least in or about 2012 through in or about 2018, FRANK BUTSELAAR, the defendant, and others known and unknown, including co-conspirators in the United States, conspired to defraud the United States and to conceal from the IRS through fraudulent, deceitful, and dishonest means the existence of millions of dollars of taxable worldwide income generated by Client-1 and Client-2 (together, the "DJ Clients") collected in Cypriot entities that were, in turn, held by Guernsey trusts (collectively, the "Offshore Structures") that the DJ Clients established on the advice of BUTSELAAR and others known and unknown. That income included revenue from the DJ Clients' musical performances and royalty payments related to the use of the DJ Clients' image and likeness. At all times relevant to this Indictment, BUTSELAAR and his co-conspirators knew that the DJ Clients beneficially owned and effectively controlled the Offshore Structures, and that the income collected within the Offshore Structures was, as a result of the DJ Clients'

beneficial ownership and effective control of such Offshore Structures, taxable to the DJ Clients while they were U.S. taxpayers.

8. As part of their efforts to defraud the IRS and evade U.S. taxes on the DJ Clients' worldwide income, FRANK BUTSELAAR, the defendant, and others known and unknown, including co-conspirators in the United States, devised and implemented a fraudulent scheme to conceal and disguise the DJ Clients' beneficial ownership and effective control of the Offshore Structures by using sham transactions to remove the DJ Clients as beneficiaries of their own trusts and installing nominees of the DJ Clients as beneficiaries during the time that the DJ Clients qualified as U.S. taxpayers (for Client-1, between 2012 and 2017; for Client-2, in 2013). BUTSELAAR and his co-conspirators then wrongfully failed to report the DJ Clients' Offshore Structures, and the income earned by the DJ Clients therefrom, as required by the Internal Revenue Code, to U.S. authorities on the DJ Clients' respective Forms 1040, pretending that the nominee beneficiaries were the true owners and beneficiaries of the Offshore Structures. At all relevant times, however, including after having been purportedly removed as beneficiaries of their trusts and replaced with nominees, the DJ Clients continued to retain beneficial ownership and effective control over the Offshore Structures—a fact that was known to BUTSELAAR and his co-conspirators. As a result, as a matter of truth and substance, as well as the Subpart F and grantor trust rules, the income collected within the Offshore Structures was taxable to the DJ Clients, and BUTSELAAR and his co-conspirators used the nominee beneficiaries to conceal the income within the Offshore Structures from the IRS.

9. Additionally, as part of their efforts to defraud the IRS and evade U.S. taxes on worldwide income, FRANK BUTSELAAR, the defendant, and others known and unknown, including co-conspirators in the United States, devised and implemented a similar fraudulent

scheme to conceal from the IRS through fraudulent, deceitful, and dishonest means the existence of taxable income of certain fashion industry clients (the "Fashion Industry Clients"). As part of the scheme, on the advice of BUTSELAAR and others known and unknown, the Fashion Industry Clients created Cypriot companies to collect a portion of their worldwide earnings and then engaged in sham transactions to purportedly transfer ownership of these companies collecting their income to nominees, including family members and business advisors. BUTSELAAR and his co-conspirators knew that, as a matter of truth and substance, the Fashion Industry Clients retained beneficial ownership and effective control of their offshore companies, and that the income collected within these companies was, as a result, and as a matter of truth and substance, taxable to the Fashion Industry Clients while they were U.S. taxpayers. BUTSELAAR and his co-conspirators did not report the Fashion Industry Clients' offshore companies, and the income earned by the Fashion Industry Clients therefrom, as required by the Internal Revenue Code, including Subpart F rules, to U.S. authorities on the Fashion Industry Clients' respective Forms 1040.

10. The tax evasion schemes created and implemented by FRANK BUTSELAAR, the defendant, and his co-conspirators, including co-conspirators in the United States, caused to be filed Forms 1040 for the DJ Clients and Fashion Industry Clients' during the time that the DJ Clients and Fashion Industry Clients qualified as U.S. resident taxpayers, which Forms 1040 failed to report over $100 million in worldwide income collectively earned by the DJ Clients and Fashion Industry Clients.

**Statutory Allegations**

11. From at least in or about 2012 through at least in or about 2018, in the Southern District of New York and elsewhere, FRANK BUTSELAAR, the defendant, together with others

known and unknown, willfully and knowingly did conspire, combine, confederate, and agree together and with each other to defraud the United States of America and an agency thereof, to wit, the IRS.

12. It was a part and an object of the conspiracy that FRANK BUTSELAAR, the defendant, together with others known and unknown, willfully and knowingly would and did defraud the United States of America and the IRS for the purpose of impeding, impairing, obstructing, and defeating the lawful governmental functions of the IRS in the ascertainment, computation, assessment, and collection of revenue, to wit, federal income taxes.

### Overt Acts

13. In furtherance of the conspiracy and to effect the illegal objects thereof, FRANK BUTSELAAR, the defendant, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

   a. On or about October 14, 2013, BUTSELAAR and others did cause to be filed a Form 1040 for Client-1 for tax year 2012 that fraudulently failed to report millions of dollars of worldwide income that Client-1 earned while a U.S. taxpayer, which BUTSELAAR and others concealed using Client-1's Offshore Structure.

   b. On or about October 6, 2014, BUTSELAAR and others did cause to be filed a Form 1040 for Client-1 for tax year 2013 that fraudulently failed to report millions of dollars of worldwide income that Client-1 earned while a U.S. taxpayer, which BUTSELAAR and others concealed using Client-1's Offshore Structure.

   c. On or about October 12, 2015, BUTSELAAR and others did cause to be filed a Form 1040 for Client-1 for tax year 2014 that fraudulently failed to report millions of dollars

of worldwide income that Client-1 earned while a U.S. taxpayer, which BUTSELAAR and others concealed using Client-1's Offshore Structure.

    d. On or about September 27, 2016, BUTSELAAR and others did cause to be filed a Form 1040 for Client-1 for tax year 2015 that fraudulently failed to report millions of dollars of worldwide income that Client-1 earned while a U.S. taxpayer, which BUTSELAAR and others concealed using Client-1's Offshore Structure.

    e. On or about September 15, 2017, BUTSELAAR and others did cause to be filed a Form 1040 for Client-1 for tax year 2016 that fraudulently failed to report millions of dollars of worldwide income that Client-1 earned while a U.S. taxpayer, which BUTSELAAR and others concealed using Client-1's Offshore Structure.

    f. On or about October 22, 2018, BUTSELAAR and others did cause to be filed a Form 1040 for Client-1 for tax year 2017 that fraudulently failed to report millions of dollars of worldwide income that Client-1 earned while a U.S. taxpayer, which BUTSELAAR and others concealed using Client-1's Offshore Structure.

    g. On or about January 20, 2015, BUTSELAAR and others did cause to be filed a Form 1040 for Client-2 for tax year 2013 that fraudulently failed to report significant worldwide income that Client-2 earned while a U.S. taxpayer, which BUTSELAAR and others concealed using Client-2's Offshore Structure.

    (Title 18, United States Code, Section 371.)

### COUNT TWO
### (Aiding and Assisting Preparation of a
### False and Fraudulent U.S. Individual Income Tax Return)

The Grand Jury further charges:

11. Paragraphs 1 through 10 are repeated and realleged as if set forth fully herein.

12.     On or about January 20, 2015, in the Southern District of New York and elsewhere, FRANK BUTSELAAR, the defendant, knowingly and willfully did aid and assist in, and did procure, counsel, and advise the preparation and presentation under, and in connection with matters arising under, the internal revenue laws of the United States, of a return, affidavit, claim, and other document, to wit, a U.S. Individual Income Tax Return Form 1040 for 2013 and accompanying forms and schedules for Client-2, which return was false and fraudulent as to material matters, as set forth above.

(Title 26, United States Code, Section 7206(2).)

## COUNT THREE
### (Aiding and Assisting Preparation of a
### False and Fraudulent U.S. Individual Income Tax Return)

The Grand Jury further charges:

13.     Paragraphs 1 through 10 are repeated and realleged as if set forth fully herein.

14.     On or about October 12, 2015, in the Southern District of New York and elsewhere, FRANK BUTSELAAR, the defendant, knowingly and willfully did aid and assist in, and did procure, counsel, and advise the preparation and presentation under, and in connection with matters arising under, the internal revenue laws of the United States, of a return, affidavit, claim, and other document, to wit, a U.S. Individual Income Tax Return Form 1040 for 2014 and accompanying forms and schedules for Client-1, which return was false and fraudulent as to material matters, as set forth above.

(Title 26, United States Code, Section 7206(2).)

## COUNT FOUR
### (Aiding and Assisting Preparation of a
### False and Fraudulent U.S. Individual Income Tax Return)

The Grand Jury further charges:

15. Paragraphs 1 through 10 are repeated and realleged as if set forth fully herein.

16. On or about September 27, 2016, in the Southern District of New York and elsewhere, FRANK BUTSELAAR, the defendant, knowingly and willfully did aid and assist in, and did procure, counsel, and advise the preparation and presentation under, and in connection with matters arising under, the internal revenue laws of the United States, of a return, affidavit, claim, and other document, to wit, a U.S. Individual Income Tax Return Form 1040 for 2015 and accompanying forms and schedules for Client-1, which return was false and fraudulent as to material matters, as set forth above.

(Title 26, United States Code, Section 7206(2).)

## COUNT FIVE
### (Aiding and Assisting Preparation of a
### False and Fraudulent U.S. Individual Income Tax Return)

The Grand Jury further charges:

17. Paragraphs 1 through 10 are repeated and realleged as if set forth fully herein.

18. On or about September 15, 2017, in the Southern District of New York and elsewhere, FRANK BUTSELAAR, the defendant, knowingly and willfully did aid and assist in, and did procure, counsel, and advise the preparation and presentation under, and in connection with matters arising under, the internal revenue laws of the United States, of a return, affidavit, claim, and other document, to wit, a U.S. Individual Income Tax Return Form 1040 for 2016 and

accompanying forms and schedules for Client-1, which return was false and fraudulent as to material matters, as set forth above.

(Title 26, United States Code, Section 7206(2).)

### COUNT SIX
### (Aiding and Assisting Preparation of a
### False and Fraudulent U.S. Individual Income Tax Return)

The Grand Jury further charges:

19. Paragraphs 1 through 10 are repeated and realleged as if set forth fully herein.

20. On or about October 22, 2018, in the Southern District of New York and elsewhere, FRANK BUTSELAAR, the defendant, knowingly and willfully did aid and assist in, and did procure, counsel, and advise the preparation and presentation under, and in connection with matters arising under, the internal revenue laws of the United States, of a return, affidavit, claim, and other document, to wit, a U.S. Individual Income Tax Return Form 1040 for 2017 and accompanying forms and schedules for Client-1, which return was false and fraudulent as to material matters, as set forth above.

(Title 26, United States Code, Section 7206(2).)

_____
FOREPERSON

*Damian Williams*
_____
DAMIAN WILLIAMS
United States Attorney