UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v. -

FRANK BUTSELAAR,

Defendant.

S1 22 Cr. 560 (CS)

**THE GOVERNMENT'S PROPOSED REQUESTS TO CHARGE**

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
50 Main Street, Suite 1100
White Plains, NY 10606

Benjamin Klein
Shiva H. Logarajah
David A. Markewitz
Assistant United States Attorneys
   *-Of Counsel-*

# Table of Contents

REQUEST NO. 1
General Requests ................................................................................................................1

REQUEST NO. 2
The Indictment.................................................................................................................2

REQUEST NO. 3
Multiple Counts ...............................................................................................................3

REQUEST NO. 4
Nature of Tax Crimes........................................................................................................4

REQUEST NO. 5
Count One: Conspiracy .....................................................................................................5

REQUEST NO. 6
Count One: Conspiracy – Elements of Conspiracy .....................................................................6

REQUEST NO. 7
Count One: Conspiracy, First Element – Existence of the Conspiracy .........................................7

REQUEST NO. 8
Count One: Conspiracy, First Element – Object of the Conspiracy ...........................................10

REQUEST NO. 9
Count One: Conspiracy, Second Element – Membership in the Conspiracy .............................12

REQUEST NO. 10
Count One: Conspiracy, Third Element – Overt Act................................................................15

REQUEST NO. 11
Counts Two through Six: Aiding Preparation of False Tax Returns...........................................17

REQUEST NO. 12
Counts Two through Six: Aiding Preparation of False Tax Returns – Elements.........................18

REQUEST NO. 13
Counts Two through Six:  Aiding Preparation of False Tax Returns – First Element .................19

REQUEST NO. 14
Counts Two through Six:  Aiding Preparation of False Tax Returns – Second Element .............20

REQUEST NO. 15
Counts Two through Six:  Aiding Preparation of False Tax Returns – Third Element ...............21

REQUEST NO. 16
Good Faith .....................................................................................................................22

REQUEST NO. 17
Additional Tax Principles ................................................................................................23

REQUEST NO. 18
Additional Tax Principles – Taxation of Worldwide Income .....................................................24

REQUEST NO. 19
Additional Tax Principles – Transactions Lacking Economic Substance ...................................25

REQUEST NO. 20
Additional Tax Principles – Ownership..................................................................................27

REQUEST NO. 21
Additional Tax Principles –Trusts Generally...........................................................................29

REQUEST NO. 22
Additional Tax Principles – Grantor Trusts............................................................................30

REQUEST NO. 23
Additional Tax Principles – Controlled Foreign Corporations....................................................35

REQUEST NO. 24
Motive.............................................................................................................................39

REQUEST NO. 25
Venue .............................................................................................................................40

REQUEST NO. 26
Variance in Dates .............................................................................................................42

REQUEST NO. 27
Particular Investigative Techniques Not Required [If Applicable].................................................43

REQUEST NO. 28
Stipulations [If Applicable] .................................................................................................44

REQUEST NO. 29
Charts and Summaries [If Applicable] ...................................................................................45

REQUEST NO. 30
Law Enforcement and Government Employee Witnesses [If Applicable]...................................46

REQUEST NO. 31
Preparation of Witnesses [If Applicable].................................................................................47

REQUEST NO. 32
Persons Not on Trial .........................................................................................................48

REQUEST NO. 33
Uncalled Witnesses—Equally Available ................................................................................49

REQUEST NO. 34
Defendant's Testimony [If Applicable] ...................................................................................50

REQUEST NO. 35
Defendant's Right Not to Testify [If Applicable] ......................................................................51

REQUEST NO. 36
Agreement Not to Prosecute Government Witnesses [If Applicable] ..........................................52

REQUEST NO. 37
Testimony of Immunized Witnesses [If Applicable] .................................................................54

REQUEST NO. 38
  False Exculpatory Statements [If Applicable] ...............................................................55

REQUEST NO. 39
  Use of Evidence Obtained in Searches [If Applicable] ...............................................56

REQUEST NO. 40
  Transcripts and Translations [If applicable] ...............................................................57

REQUEST NO. 41
  Similar Acts Evidence [If Applicable] ........................................................................58

REQUEST NO. 42
  Conclusion ...................................................................................................................59

# REQUEST NO. 1

## General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a. Function of Court and Jury
b. Government Treated Like Any Other Party
c. Burden Of Proof and Presumption of Innocence
d. Reasonable Doubt
e. Statements of Court and Counsel Not Evidence
f. Motions, Objections, and Questions by the Court
g. Redactions [if applicable]
h. Direct and Circumstantial Evidence
i. Inferences
j. Credibility of Witnesses
k. Character Testimony [if applicable]
l. Right to See Exhibits and Have Testimony Read During Deliberations
m. Punishment Is Not to Be Considered By the Jury
n. Verdict of Guilt or Innocence Must Be Unanimous
o. Jury's Recollection Governs
p. Note-Taking by Jurors
q. Duty to Base Verdict on Evidence
r. Improper Considerations
s. Duty to Weigh Evidence Without Prejudice
t. Sympathy: Oath as Jurors
u. Duties of Foreperson and Return of Verdict Form

**REQUEST NO. 2**

**The Indictment**

The defendant, FRANK BUTSELAAR, is charged in an Indictment. The Indictment is not evidence, but is simply a document that lists the charges against the defendant.

The Indictment contains six charges or counts.

Count One charges the defendant with entering into a conspiracy, or agreement, to defraud the United States and Internal Revenue Service by obstructing the IRS's ascertainment and collection of income taxes between 2012 and 2018.

Count Two charges the defendant with aiding or assisting in the preparation and filing of a false or fraudulent tax return for Nick Van de Wall, professionally known as "Afrojack," for the tax year 2013.

Counts Three through Six charge the defendant with aiding or assisting in the preparation and filing of false or fraudulent tax returns for Tijs Verwest, professionally known as "Tiesto," for the tax years 2014 through 2017.

**<u>REQUEST NO. 3</u>**

**<u>Multiple Counts</u>**

As I mentioned, the Indictment charges the defendant with multiple counts. Each count is a separate offense or crime. You must consider each count separately, and you must return a separate verdict on each count in which the defendant is charged. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

Adapted: Sand *et al.*, Modern Federal Jury Instructions, Instr. 3-6.

## REQUEST NO. 4

### Nature of Tax Crimes

All of the charges in the Indictment involve tax crimes. As you all know, the United States has an income tax system that relies on voluntary compliance of taxpayers and depends on their honesty. We prepare our own tax returns, we report our own income, and we calculate our own tax. The IRS does not and cannot review or audit every single return that is filed. Our system can function successfully only if taxpayers completely and honestly report all the income that they receive and any taxes they owe and timely pay those taxes. Complete and truthful disclosure on all tax returns is critical to the internal revenue system. Therefore, Congress has created criminal sanctions to assure compliance.

Let me be clear that this case has nothing to do with civil liability for the nonpayment of taxes or with the collection of any taxes that may be due to the government. This is a criminal case. Its object is to secure the enforcement of the laws passed by Congress that make it a federal crime to defraud the IRS or to aid and assist in the preparation of a false tax return.

Simply put, the issue here is whether the government has proven beyond a reasonable doubt that the defendant committed the crimes charged in the indictment.

> Adapted from the Jury Charge of the Honorable Cathy Seibel in *United States v. Gentle*, 16 Cr. 238 (CS), Tr. 866; the Jury Charge of the Honorable P. Kevin Castel in *United States v. Little*, No. 12 Cr. 647 (PKC), Tr. 2148-49; the Jury Charge of the Honorable Jed S. Rakoff in *United States v. Buck*, 13 Cr. 282 (JSR), Tr. 2029-30; the Jury Charge of the Honorable Charles L. Brieant in *United States v. Josephberg*, S2 04 Cr. 1002 (CLB), Tr. 2314-15; Sand *et al.*, Modern Federal Jury Instructions, Instr. 59-26; and *Spies v. United States*, 317 U.S. 492, 495 (1943).

## REQUEST NO. 5

## Count One: Conspiracy

Count One of the Indictment charges the defendant with participating in a conspiracy to defraud the United States and the IRS.

A conspiracy is a kind of criminal partnership—an agreement between two or more people to work together to accomplish some unlawful purpose or purposes.

The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the violation of any specific federal laws, which the law refers to as "substantive crimes."

If a conspiracy exists, even if it ultimately fails in its purpose, it is still punishable as a crime. Indeed, you may find a defendant guilty of the crime of conspiracy even if you find that the substantive crimes that were the object of the conspiracy were never actually committed. Congress has decided to criminalize even unsuccessful conspiracies because people working together to commit crimes pose a greater threat to the public's safety and welfare than people working alone, and a conspiracy increases the likelihood of success of a particular criminal venture.

> Adapted from the Jury Charge of the Honorable Cathy Seibel in *United States v. Sylla*, 23 Cr. 135 (CS), Tr. 373-374; the Jury Charge of the Honorable Cathy Seibel in *United States v. Moslem*, 19 Cr. 547 (CS), Tr. 1307-08; the Jury Charge of the Honorable Charles L. Brieant in *United States v. Josephberg*, S2 04 Cr. 1002 (CLB), Tr. 2315; Sand *et al.*, *Modern Federal Jury Instructions*, Instructions 19-2; and *United States v. Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is the objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

## REQUEST NO. 6

### Count One: Conspiracy – Elements of Conspiracy

To meet its burden of proof with respect to the conspiracy charge in Count One, the government must prove beyond a reasonable doubt the following three elements:

*First*, the existence of the charged conspiracy. That is, the existence of an agreement or understanding between two or more people to defraud the United States or one of its agencies.

*Second*, that the defendant knowingly became a member of the conspiracy with intent to further its illegal purpose—in other words, with the intent to achieve the illegal object of the charged conspiracy.

*Third*, that one of the members of the conspiracy—not necessarily the defendant—committed at least one overt act in furtherance of the charged conspiracy.

> Adapted from the charge of the Honorable Cathy Seibel in *United States v. Moslem*, 19 Cr. 547 (CS), Tr. 1308; the Jury Charge of the Honorable Charles L. Brieant in *United States v. Josephberg*, S2 04 Cr. 1002 (CLB), Tr. 2339-40; *United States v. Allen*, 788 F.3d 61, 70 (2d Cir. 2015) ("The elements of a conspiracy under § 371 are: (1) an agreement between two or more persons to commit an unlawful act; (2) knowingly engaging in the conspiracy intending to commit those offenses that were the objects of the conspiracy; and (3) commission of an 'overt act' by one or more members of the conspiracy in furtherance of the conspiracy."); *United States v. Salameh*, 152 F.3d 88, 145 (2d Cir. 1998) (listing the three "well settled" elements of conspiracy); and *United States v. Maldonado-Rivera*, 922 F.2d 799, 810 (2d Cir. 1990) (quoting district court charge setting forth three elements of conspiracy).

<u>**REQUEST NO. 7**</u>

<u>**Count One: Conspiracy, First Element – Existence of the Conspiracy**</u>

Now let me explain each of those elements in a bit more detail. Starting with the first element, what is a conspiracy? As I mentioned, a conspiracy is just an agreement or an understanding between two or more people to violate the law.

To prove the existence of a conspiracy, the government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out who would do what in order to carry out the unlawful project. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to work together to accomplish an unlawful act.

It is rare that a conspiracy can be proven by direct evidence of an explicit agreement. Rather, in determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions and conduct of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose. The old adage, "actions speak louder than words," applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators. When taken all together and considered as a whole, however, these acts and conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

The object of a conspiracy is the illegal goal that the co-conspirators hoped to achieve. As I'll discuss further, the object of the conspiracy charged in Count One is to defraud the United States or an agency thereof, specifically the IRS.

You should keep in mind that you need not find the conspirators accomplished the object or goal of the conspiracy. Instead, an agreement to accomplish the goal of defrauding the United States or an agency thereof is sufficient with respect to finding the first element of a conspiracy has been satisfied for Count One.

### Liability for Acts and Declarations of Co-Conspirators

In considering the first element of conspiracy generally, you will recall that I have admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed or made by persons who, the government alleges, were also confederates or co-conspirators of the defendant.

The reason for allowing this evidence to be received against the defendant has to do, in part, with the nature of the crime of conspiracy. As I have said, a conspiracy is often referred to as a partnership in crime: as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements, and omissions.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy

by a person also found by you to have been a member of the same conspiracy may be considered against the defendant. This is so even if such acts were committed or such statements were made in the defendant's absence, and/or without his knowledge.

> Adapted from the Jury Charge of the Honorable Loretta A. Preska in *United States v. Adelekan*, No. 19 Cr. 291 (LAP), Tr. 865-869; the charge of the Honorable Cathy Seibel in *United States v. Moslem*, 19 Cr. 547 (CS), Tr. 1314-15; the Jury Charge of the Honorable Analisa Torres in *United States v. Shea*, No. 20 Cr. 412 (AT), Tr. 753-755; the Jury Charge of the Honorable Lewis A. Kaplan in *United States v. Ganiyu*, No. 23 Cr. 331 (LAK), Tr. 389-391; the Jury Charge of the Honorable Charles L. Brieant in *United States v. Josephberg*, S2 04 Cr. 1002 (CLB), Tr. 2340-43; Sand, *Modern Federal Jury Instructions*, Instr. 19-4; *United States v. Perez*, 144 F.3d 204, 208 (2d Cir. 1998) ("In order to prove a charge of conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice"); and *United States v. Desimone*, 119 F.3d 217, 223 (2d Cir. 1997) ("The existence of—and a particular defendant's participation in—a conspiracy may be established entirely by circumstantial evidence. Moreover, the conspiratorial agreement itself may be established by proof of a tacit understanding among participants, rather than proof of an explicit agreement….").

# REQUEST NO. 8

## Count One: Conspiracy, First Element – Object of the Conspiracy

Let me now instruct you in more detail about the illegal object alleged in the Indictment—that the conspiracy was designed to defraud the United States and its agency, the Internal Revenue Service. The IRS is an agency of the United States that is responsible for the collection of tax revenue. As part of these efforts, the IRS requires that taxpayers truthfully and honestly report their full taxable income and deductions, as well as certain other items in their tax returns, such as information relating to  overseas entities that they own or control.

Here, the Indictment alleges a conspiracy to defraud the IRS by impeding, impairing, obstructing, or defeating its lawful governmental functions in the ascertainment, computation, assessment, and collection of revenue.  Specifically, the members of the conspiracy allegedly agreed to design and implement a scheme to conceal from the IRS reportable worldwide income of certain high net worth individuals during periods when those individuals were U.S. resident taxpayers.

It is not necessary for the crime of conspiracy that the United States or the IRS actually suffered a financial loss from the scheme. Nor is it necessary for you to find that the conspirators' conduct in any particular instance was actually examined or scrutinized by the IRS. A conspiracy to defraud exists when there is an agreement to impede, impair, obstruct or defeat in any fraudulent or dishonest manner, a lawful function of the IRS. Indeed, even if the taxpayer's ultimate legal position on some issue is correct and they owe no additional taxes, that is not a defense to the crime charged. One cannot use deception and dishonest means, such as making false statements to the IRS, or concealing information from the IRS, to impede, impair, obstruct or defeat the IRS, even to protect a legitimate tax position.

Adapted from the charge of the Honorable Cathy Seibel in *United States v. Moslem*, 19 Cr. 547 (CS), Tr. 1318-19; the Jury Charge of the Honorable Mary Kay Vyskocil in *United States* v. *Lemay*, S2 21 Cr. 573 (MKV); the charge of the Honorable Loretta A. Preska in *United States v. Hundley*, S3 02 Cr. 441 (LAP) ("One cannot use deception and dishonest means to impede, impair, obstruct, or defeat the IRS, even to protect a legitimate tax position"); *United States v. Klein*, 247 F.2d 908 (2d Cir. 1957) (upholding conspiracy convictions involving scheme to hide information from the IRS in order to protect a tax position that was ultimately vindicated, because defendants' activities involved hiding information "by deceit, craft or trickery, or at least by means that are dishonest", thus preventing IRS from information to which it was entitled); and Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 19-12.

## REQUEST NO. 9

## Count One: Conspiracy, Second Element – Membership in the Conspiracy

If you conclude that the government has proven beyond a reasonable doubt that a conspiracy existed, and that the conspiracy had as its object the illegal purpose charged in the Indictment—that is, defrauding the IRS—then you must consider the second element: whether the defendant knowingly and intentionally became a member of the conspiracy with criminal intent—that is, with a purpose to violate the law—and agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

The terms "knowingly and "intentionally" mean that to find a defendant joined the conspiracy, you must conclude beyond a reasonable doubt that, when he joined, he knew what he was doing. An act is done knowingly and intentionally if it is done deliberately and purposely, rather than by mistake or accident.

Now, science has not yet come up with a way of looking into a person's mind and knowing what that person is thinking. But you have before you evidence of certain acts, conversations, and statements alleged to have been made by, with, or in the presence of the defendant, and others. Knowledge and criminal intent can be proven through words and conduct and all the surrounding circumstances, as well as acts, and all the circumstances disclosed by the evidence and logical and reasonable inferences from them. It is for you to determine whether the government has established beyond a reasonable doubt such knowledge and intent on the part of the defendant.

It is not necessary for the government to show that the defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part. Nor does the defendant need to know the full extent of the conspiracy or all its participants. Indeed, it is not necessary that a defendant know more than one other member of the conspiracy. It is also not necessary that the defendant receive any money or other payment for participating in the

conspiracy. It is enough if he participated in the conspiracy intentionally and knowingly, as I have defined those terms. While proof of a financial interest in the outcome of the scheme is not essential, if you find that the defendant had such an interest, that is something you may consider in determining whether he was a member of the conspiracy.

If you determine that the defendant became a member of the conspiracy, the duration and extent of his participation has no bearing on the issue of the defendant's guilt. Some conspirators play major roles, while others play minor roles. An equal role is not required. In fact, even a single act may be sufficient for a defendant to join a conspiracy if it meets the elements I have described. Moreover, a defendant need not have joined the conspiracy at the outset. He may have joined it at any time—at the beginning, in the middle, or at the end. And if he joined, he will still be held responsible for all that was done before he joined as well as all that was done during the conspiracy's existence while he was a member.

However, I want to caution you that simply associating with a member of a conspiracy does not make someone a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy exists. For example, being present at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction for conspiracy. In other words, knowledge without participation is not sufficient to satisfy the second element. What is necessary is that the defendant participated in the conspiracy with knowledge of its unlawful purpose and with intent to aid in that accomplishment of its unlawful object or objects.

In sum, the government must prove beyond a reasonable doubt that the defendant, with an understanding of the unlawful nature of the conspiracy, intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking. If this is shown, that

defendant thereby became a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

> Adapted from the charge of the Honorable Cathy Seibel in *United States v. Moslem*, 19 Cr. 547 (CS), Tr. 1310-1313; the Jury Charge of the Honorable Loretta A. Preska in *United States v. Adelekan*, No. 19 Cr. 291 (LAP), Tr. 869-872; the Jury Charge of the Honorable Lewis A. Kaplan in *United States v. Ganiyu*, No. 23 Cr. 331 (LAK), Tr. 391-394, the Jury Charge of the Honorable Analisa Torres in *United States v. Shea*, No. 20 Cr. 412 (AT), Tr. 751-754.

## REQUEST NO. 10

## Count One: Conspiracy, Third Element – Overt Act

The third element that the government must prove beyond a reasonable doubt is that at least one of the conspirators knowingly committed or caused the commission of at least one overt act in furtherance of the conspiracy. An overt act is an independent act that tends to carry out the conspiracy, but need not necessarily be the object of the crime. The function of the overt act requirement is simply to manifest that the conspiracy is at work.

The Indictment charges that a number of overt acts were committed in furtherance of the conspiracy. Specifically, the Indictment alleges that the defendant and others caused the filing of Form 1040 tax returns that fraudulently omitted reportable worldwide income for Tijs Verwest, also known as Tiesto, and Nick van de Wall, also known as Afrojack.

For the government to satisfy this element, it is not required that all of the overt acts alleged in the Indictment be proven. It is not even necessary that the government prove any one of the specific overt acts alleged in the Indictment. It is sufficient for the government to show that one of the alleged coconspirators knowingly committed some overt act in furtherance of the conspiracy.

Similarly, you need not find that the defendant in this case committed the overt act. It is enough if the government shows that any one of the conspirators knowingly committed an overt act in furtherance of the conspiracy because such an act becomes, in the eyes of the law, the act of all the members of the conspiracy.

The government must prove beyond a reasonable doubt that the overt act was committed for the purpose of carrying out the unlawful agreement. To do this, the government must prove beyond a reasonable doubt that at least one overt act was knowingly and intentionally done by at least one conspirator in furtherance of the object or purpose of the conspiracy as charged in the Indictment. In this regard, you should bear in mind that the overt act, standing alone, may be an

innocent, lawful act.  Frequently, however, an apparently innocent act sheds its harmless character

if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.  You are

therefore instructed that the overt act does not need to be an act that in and of itself is criminal or

constitutes the objective of the conspiracy.

> Adapted from the charge of the Honorable Cathy Seibel in *United States v. Moslem*, 19 Cr. 547 (CS), Tr. 1320-1321; the Honorable Jed S. Rakoff in *United States v. Buck*, 13 Cr. 282 (JSR), Tr. 2035; *Braverman v. United States*, 317 U.S. 49, 53 (1942) (overt act "may be that of only a single one of the conspirators and need not be itself a crime"); *United States v. Kozeny*, 667 F.3d 122, 132 (2d Cir. 2011) ("The jury need not reach unanimous agreement on which particular overt act was committed in furtherance of the conspiracy."); *United States v. Frank*, 156 F.3d 332, 337 (2d Cir. 1997) ("the well-established rule of this and other circuits [is] that the overt act element of a conspiracy charge may be satisfied by an overt act that is not specified in the indictment, at least so long there is no prejudice to the defendant"); *United States v. Bryan*, 122 F.3d 90, 93 (2d Cir. 1997) (conspiracy conviction may rest on overt act not charged in indictment); *United States v. Montour*, 944 F.2d 1019, 1026 (2d Cir. 1991) (An overt act need not be inherently criminal to support a conspiracy conviction"); and Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 19-7, 19-8.

<u>**REQUEST NO. 11**</u>

<u>**Counts Two through Six: Aiding Preparation of False Tax Returns**</u>

Counts Two through Six of the Indictment charge the defendant with aiding or assisting in the preparation and filing of false or fraudulent individual income tax returns. Count Two relates to the tax return for Nick van de Wall for the tax year 2013. Counts Three through Six relate to the tax returns for Tijs Verwest for the tax years 2014 through 2017, respectively.

<u>**REQUEST NO. 12**</u>

<u>**Counts Two through Six: Aiding Preparation of False Tax Returns – Elements**</u>

In order for you to find the defendant guilty on any of the counts charging him with aiding or assisting in the preparation and filing of false or fraudulent individual income tax returns, the government must prove beyond a reasonable doubt each of the following elements:

*First*, that the defendant aided or assisted in, or procured, counseled, or advised, the preparation of the federal tax return in question, which was subsequently filed with the IRS.

*Second*, that the return contained at least one entry that was false or fraudulent as to any material matter.

*Third*, that the defendant acted willfully.

You must consider these elements separately for each of Counts Two through Six.

> Adapted from the Jury Charge of the Honorable Cathy Seibel in *United States v. Gentle*, 16 Cr. 238 (CS), Tr. 869; the Jury Charge of the Honorable John G. Koeltl in *United States v. Bayou*, No. 15 Cr. 576 (JGK), Tr. 1447; the Jury Charge of the Honorable P. Kevin Castel in *United States v. Little*, No. 12 Cr. 647 (PKC), Tr. 2187; and Sand *et al.*, Modern Federal Jury Instructions, Instr. 59-27.

<u>**REQUEST NO. 13**</u>

<u>**Counts Two through Six:  Aiding Preparation of False Tax Returns – First Element**</u>

As I did with Count One, let me now give you a bit more detail about each of these elements. The first element of the offense is that the defendant aided or assisted in, or procured, counseled, or advised the preparation of a federal income tax return that was subsequently filed with the IRS. To satisfy this element, the government is not required to prove that the defendant personally prepared the return in issue or dealt personally with the taxpayer or signed the return. It is sufficient if the government proves that the defendant in any way aided or assisted, directly or indirectly, in the preparation of the return, or procured, counseled, or advised the preparation the return.  Proof that the defendant knowingly provided false information or directions with the expectation that the information or direction he provided would be used to file a tax return is sufficient to satisfy this element.

Adapted from the Jury Charge of the Honorable Cathy Seibel in *United States v. Gentle*, 16 Cr. 238 (CS), Tr. 869-870; the Jury Charge of the Honorable John G. Koeltl in *United States v. Bayou*, No. 15 Cr. 576 (JGK), Tr. 1447-48; the Jury Charge of the Honorable P. Kevin Castel in *United States v. Little*, No. 12 Cr. 647 (PKC), Tr. 2188; and Sand *et al.*, Modern Federal Jury Instructions, Instr. 59-28.

## REQUEST NO. 14

### Counts Two through Six:  Aiding Preparation of False Tax Returns – Second Element

The second element is that the return was false as to a material matter.  A tax return may be false in a number of ways, such as the understatement of income or the overstatement or mischaracterization of expenses.  An entry on a tax return is material if the information required to be reported on that line is simply capable of influencing the correct computation of the amount of tax liability.  The Government does not have to prove that the computation was, in fact, incorrect.

> Adapted from the Jury Charge of the Honorable Cathy Seibel in *United States v. Gentle*, 16 Cr. 238 (CS), Tr. 870; the Jury Charge of the Honorable P. Kevin Castel in *United States v. Little*, No. 12 Cr. 647 (PKC), Tr. 2180; *United States v. Triumph*, 266 F. App'x 53, 56 (2d Cir. 2008) ("The materiality of a false statement is determined by its potential to 'influence or impede the IRS in verifying' the return, not the total amount of loss"); *United States v. Bok*, 156 F.3d 157, 165 (2d Cir. 1998) (affirming instruction defining material as "capable of influencing or impeding the IRS in verifying or auditing the return").

# REQUEST NO. 15

## Counts Two through Six:  Aiding Preparation of False Tax Returns – Third Element

The third element is that the defendant acted willfully. In order for the Government to prove this element, it must establish beyond a reasonable doubt that the defendant acted voluntarily and intentionally with the specific intent to violate a known legal duty. Although it is not necessary to find that the defendant knew the name or number of a particular law or statute that he is alleged to have violated, you must find that the defendant knew of the generally unlawful nature of his acts under the U.S. tax laws.

> Adapted from the Jury Charge of the Honorable John G. Koeltl in *United States v. Bayou*, No. 15 Cr. 576 (JGK), Tr. 1449; the Jury Charge of the Honorable P. Kevin Castel in *United States v. Little*, No. 12 Cr. 647 (PKC), Tr. 2180-81; Sand *et al.*, Modern Federal Jury Instructions, Instr. 59-30; *United States v. Golitschek*, 808 F.2d 195, 202 (2d Cir. 1986) ("Knowledge of this legal duty must be proved. However, it is not necessary for the prosecution to go further and prove that the defendant knew there was a law punishing willful non-payment of taxes."); and *United States v. Patridge*, 507 F.3d 1092, 1094 (7th Cir. 2007) ("*Cheek* derived its knowledge-of-law requirement from the fact that § 7201 makes only 'willful' tax evasion criminal. An act is willful for the purposes of law . . . when the taxpayer knows what the Code requires yet sets out to foil the system. Knowledge of the law's demands does not depend on knowing the citation any more than ability to watch a program on TV depends on knowing the frequency on which the signal is broadcast.").

# REQUEST NO. 16

## Good Faith

Good faith on the part of the defendant is a complete defense to each of the charges. Conduct is not willful if it was devised or carried out in good faith. An honest and genuinely held belief in the truth of the representations made by a defendant is a valid defense, however inaccurate those statements may turn out to be. The defendant, however, has no burden to establish a defense of good faith. Rather, the burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Likewise, a good faith misunderstanding of the requirements of the law would be inconsistent with willfulness. Mere disagreement with the law, however, or a belief that the law is invalid would not suffice. A person does not act in good faith if he understands the requirements of the law and chooses to disregard them. But if he sincerely misunderstands what the law requires and acts in accordance with that sincere belief, he is acting in good faith whether or not his understanding is reasonable. You may consider the reasonableness of the belief, however, together with all the other evidence when making the factual determination as to whether the defendant held the belief in good faith.

> Adapted from the Jury Charge of the Honorable Cathy Seibel, *United States v. Gentle*, 16 Cr. 238 (CS), Tr. 872, and the Jury Charge of the Honorable J. Paul Oetken in *United States v. Mizrahi*, 22 Cr. 650 (JPO), Tr. 2245-2246.

<h1 style="text-align: center;"><u>REQUEST NO. 17</u></h1>

<h2 style="text-align: center;"><u>Additional Tax Principles</u></h2>

Now that I've explained the applicable requirements of the criminal tax law, I'm going to give you further instructions on some relevant tax principles. The reason for this is that some of the elements of the charged crimes depend on the application of the Tax Code. The government contends that the tax returns in question understated the taxpayers' income by omitting money that was earned or held outside of the United States. As I explained, a line on a tax return is material if that line is capable of influencing the correct computation of the amount of tax liability. To decide if an entry on a tax return is false and material, you must apply the tax laws, as I explain them to you, to the facts as you find them.

Adapted from the Jury Charge of the Honorable Cathy Seibel, *United States v. Gentle*, 16 Cr. 238 (CS), Tr. 872-873.

<u>**REQUEST NO. 18**</u>

<u>**Additional Tax Principles – Taxation of Worldwide Income**</u>

Under the Internal Revenue Code, United States citizens and resident aliens are generally required to report annually their "gross income" on a United States Individual Income Tax Return Form 1040, which is filed with the IRS. The Form 1040 is used by the IRS to calculate any income tax owed by or any refund due to the taxpayer.

Under the Internal Revenue Code, "gross income" includes all income from whatever source derived, including but not limited to compensation for services, such as salary, income from business, interest payments, income received as royalties or dividends, and income from an interest in a trust. The Code requires U.S. resident taxpayers to report and pay income tax on their worldwide income, whether that income is earned in the United States or abroad.

> Adapted from the Jury Charge of the Honorable Cathy Seibel, *United States v. Gentle*, 16 Cr. 238 (CS), Tr. 872-873; 26 U.S.C. § 61 (defining "gross income"); 26 U.S.C. § 6012 & 26 C.F.R. § 1.6012-1 (requiring U.S. citizens and residents to file income tax returns); *Trusted Media Brands, Inc. v. United States*, 899 F.3d 175, 178 (2d Cir. 2018) ("The Code requires taxpayers in the United States to pay income tax on income they earn worldwide.").

# REQUEST NO. 19

## Additional Tax Principles – Transactions Lacking Economic Substance

It is a central tenet of tax law that tax liability is determined based on a transaction's substance, not its form. Taxpayers may arrange their affairs to take advantage of tax laws that allow them to minimize their taxes. But the tax law does not recognize actions that are designed to hide a tax obligation through mere formalities. Put another way, the objective economic realities of a transaction, rather than the particular form the parties employed, will determine tax consequences.

That principle is related to what is known as the "economic substance doctrine." Under the economic substance doctrine, sham transactions—that is, transactions that do not reasonably have purpose, substance, or utility apart from the anticipated tax consequences—cannot be used to obtain tax benefits. To have economic substance, a transaction must change the taxpayer's economic position in a meaningful way, apart from federal income tax effects. The taxpayer must also have a substantial purpose, apart from the federal income tax effects, for entering into the transaction. If a transaction does meaningfully change a taxpayer's economic position and has a substantial purpose apart from tax, the transaction is valid, even if it also has the effect of minimizing the taxpayer's taxes. But if a transaction does not meaningfully change a taxpayer's economic position or have a substantial purpose apart from tax, then it is a sham.

> Adapted from the Jury Charge of the Honorables William H. Pauley III in *United States v. Daugerdas*, 09 Cr. 581 (WHP), Tr. 8888-93; 26 U.S.C. § 7701(o)(1) ("In the case of any transaction to which the economic substance doctrine is relevant, such transaction shall be treated as having economic substance only if--(A) the transaction changes in a meaningful way (apart from Federal income tax effects) the taxpayer's economic position, and (B) the taxpayer has a substantial purpose (apart from Federal income tax effects) for entering into such transaction."); 26 U.S.C. § 7701(o)(5) ("The term 'economic substance doctrine' means the common law doctrine

under which tax benefits under subtitle A with respect to a transaction are not allowable if the transaction does not have economic substance or lacks a business purpose."); *Greene v. United States*, 13 F.3d 577, 581 (2d Cir. 1994) ("It is a central tenet of tax law that tax liability depends on the substance not the form of a transaction."); *Raymond v. United States*, 355 F.3d 107, 108 (2d Cir. 2004) ("The Supreme Court has long asserted that '[i]n tax law, ... substance rather than form determines tax consequences.'" (quoting *Cottage Sav. Ass'n v. Comm'r*, 499 U.S. 554, 570 (1991) (Blackmun, J., dissenting))); *Frank Lyon Co. v. United States*, 435 U.S. 561, 573 (1978) ("In applying this doctrine of substance over form, the [Supreme] Court has looked to the objective economic realities of a transaction rather than to the particular form the parties employed."); *Comm'r v. Court Holding Co.*, 324 U.S. 331, 334 (1945) ("To permit the true nature of a transaction to be disguised by mere formalisms, which exist solely to alter tax liabilities, would seriously impair the effective administration of the tax policies of Congress."); *Goldstein v. Comm'r*, 364 F.2d 734, 740 (2d Cir. 1966) (applying economic substance doctrine to "sham" transactions that "can not with reason be said to have purpose, substance, or utility apart from their anticipated tax consequences"); *Bank of New York Mellon Corp. v. Comm'r*, 801 F.3d 104, 115 (2d Cir. 2015) ("In determining whether a transaction lacks 'economic substance,' we consider: 1) whether the taxpayer had an objectively reasonable expectation of profit, apart from tax benefits, from the transaction; and 2) whether the taxpayer had a subjective non-tax business purpose in entering the transaction."); *id.* at 113 ("[T]he economic substance doctrine stems from the concern that 'even if a transaction's form matches the dictionary definitions of each term used in the statutory definition of the tax provision, it does not follow that Congress meant to cover such a transaction and allow it a tax benefit.'" (quoting *Altria Grp., Inc. v. United States*, 658 F.3d 276, 284 (2d Cir.2011))); *Gardner v. Commissioner*, 954 F.2d 836, 838 (2d Cir. 1992) ("Since *Gregory v. Helvering*, 293 U.S. 465 (1935), it has been settled law that for transactions to be recognized for tax purposes they must have economic substance."); *Gregory v. Helvering*, 293 U.S. 465, 470 (1935) ("The whole undertaking, though conducted according to the terms of subdivision (B), was in fact an elaborate and devious form of conveyance masquerading as a corporate reorganization, and nothing else."); *Goldstein v. Commissioner*, 364 F.2d 734, 740-41 (2d Cir. 1966).

## REQUEST NO. 20

## Additional Tax Principles – Ownership

As a general matter, for tax purposes, the tax consequences relating to ownership of property are applied to the beneficial owner of the property rather than the person who merely possesses legal title. A beneficial owner is the true owner of an entity, asset, or other property, notwithstanding any documents or oral representations stating that someone or something else owns that property. The mark of beneficial ownership is command over property or enjoyment of its economic benefits. If a person merely holds legal title to an asset but is not its beneficial owner, that person is referred to as a "nominee."

In determining whether a person or entity is holding property as a nominee, you may, but are not required to, consider (1) whether inadequate or no consideration was paid for the property; (2) whether the property was placed in the nominee's name in anticipation of a liability, including tax liability, while the transferor remains in control of the property; (3) whether there is a close relationship between the nominee and the person who transferred the property; (4) whether they failed to record the conveyance; (5) whether the transferor retains possession of the property; and (6) whether the transferor continues to enjoy the benefits of the transferred property. Ultimately, however, no one factor is dispositive. The question is simply whether the person or entity exercised active or substantial control over the property.

> Adapted from *Speca v. Comm'r*, 630 F.2d 554, 556-57 (7th Cir. 1980), *aff'g* T.C. Memo. 1979-120 ("The mere record of stock ownership is not necessarily conclusive, for the true beneficial owner must be determined."); *Beirne v. Comm'r*, 61 T.C. 268, 277 (1973); *Anderson v. Commissioner*, 164 F.2d 870, 873 (7th Cir. 1947) (For the purpose of determining federal income tax, "command over property or enjoyment of its economic benefits marks the real owners."); *Monahan v. Comm'r*, 109 T.C. 235, 240 (1997) (same); *Hang v. Commissioner*, 95 T.C. 74, 80, 1990 WL 98703 (1990) (same); *Houchins v. Comm'r*, 79 T.C. 570, 590 (1982)

("[A] sale occurs upon the transfer of the benefits and burdens of ownership rather than upon the satisfaction of the technical requirements for the passage of title under State law."); *Cordes v. Comm'r*, 83 T.C.M. (CCH) 1673 (T.C. 2002); *Higgins v. Smith*, 308 U.S. 473, 475 (1940) ("[T]he jury was instructed to find whether these sales by the taxpayer ... were actual transfers of property ... or whether they were to be regarded as simply 'a transfer by Mr. Smith's left hand, being his individual hand, into his right hand, being his corporate hand, so that in truth and fact there was no transfer at all.' "); *SEC v. Ahmed*, 72 F.4th 379, 408 (2d Cir. 2023) ("A 'nominee' holds bare legal title to an asset but is not its true equitable owner."); *United States v. Nassar*, No. 13 Cr. 8174 (NSR), 2014 WL 5822677, at *5 (S.D.N.Y. Nov. 10, 2014) (In discerning whether a nominee relationship exists, the question is "whether a taxpayer has engaged in a sort of legal fiction, for federal tax purposes, by placing legal title to property in the hands of another while, in actuality, retaining all or some of the benefits of being the true owner."; laying out six-factor test).

## REQUEST NO. 21

## Additional Tax Principles –Trusts Generally

Over the course of this trial, you have heard testimony about trusts. A trust is simply a legal relationship in which one party, called the "grantor" or "settlor," gives a second party, called the "trustee," the right to hold title to property or assets for the benefit of one or more parties, known as "beneficiaries." There are thus typically three central actors in a trust. The grantor or settlor who creates the trust by conveying property or income into the trust entity. The trustee who manages the property conveyed into the trust. And the beneficiary or beneficiaries for whose benefit the trustee manages the trust property or income. It is possible, though not necessary, for one party to fill two of those roles. For example, a grantor may also be made a beneficiary.

> Adapted from Restatement (Third) of Trusts § 2 (2003) (defining trust as "fiduciary relationship with respect to property, arising from a manifestation of intention to create that relationship and subjecting the person who holds title to the property to duties to deal with it for the benefit of ... at least one of whom is not the sole trustee"); and *Coleman v. Golkin, Bomback & Co.*, 562 F.2d 166, 168-69 (2d Cir. 1977) ("A trust is defined as 'a fiduciary relationship with respect to property, subjecting the person by whom the title to the property is held to equitable duties to deal with the property for the benefit of another person, which arises as a result of a manifestation of an intention to create it.'" (quoting Restatement (Second) of Trusts § 2 (1959))).

## REQUEST NO. 22

### Additional Tax Principles – Grantor Trusts

A "grantor trust" is a particular type of trust in which the grantor—that is, the person contributing property or assets to the trust—maintains certain powers over the trust property or the administration of the trust that are equivalent to dominion and control. In that case, the tax laws treat the grantor as the owner of the trust's property, even if it is nominally in someone else's name. The trust's income is thus attributable to the grantor and must be included in the grantor's calculation of his or her taxes. So, for example, if a grantor trust has a bank account that earns $100 of interest income in a given tax year, that $100 of interest income must be reported by the grantor on his or her personal tax return.

There are several independent bases, any one of which alone would make a trust a "grantor trust" under U.S. tax law.

1. <u>Power to control beneficial enjoyment</u>. A trust is a "grantor trust" if either the grantor or a nonadverse party has the power to control the beneficial enjoyment of the assets or income of the trust. In other words, the grantor is generally treated as the owner of a trust if either he or a nonadverse party can affect the beneficial enjoyment of a part of the trust. An "adverse party" in this context means a person who has a substantial beneficial interest in the trust that would be adversely affected by the exercise or nonexercise of the person's power with respect to the trust. A "nonadverse party" simply means anyone who is not an adverse party.

If the grantor can add new beneficiaries other than his or her own children, the trust would be treated as a "grantor trust" and its income would be taxable to the grantor. Likewise, if the grantor has the power to appoint more than half of the trust's trustees, and can use that power to select as trustees people who are related to him or her or subservient to his or her wishes, the trust would be taxable to the grantor.

2. <u>Income for benefit of the grantor</u>. The income of a trust is also taxable to the grantor if income from the trust may, in the discretion of the grantor or a nonadverse party, be distributed to the grantor or held or accumulated in the trust for future distribution to the grantor. It makes no difference whether or not the income from the trust was actually distributed to the grantor. Instead, as long as the money could have been, in the discretion of the grantor or a nonadverse party, distributed to the grantor or held for future distribution to the grantor, the grantor is treated as the owner of the trust, and its income is taxable to him.

3. <u>Administrative powers</u>. A trust is also considered a "grantor trust" if the trust instrument or operation make the administrative control of the trust exercisable primarily for the benefit of the grantor rather than the beneficiaries of the trust. This includes circumstances where the grantor or a nonadverse party has an unrestricted right to obtain the assets or income of the trust at less than fair value or to borrow from the trust without adequate interest or security. If the grantor has the power to amend the administrative provisions of the trust instrument to give himself the right to these benefits, he is treated as the owner of the trust.

4. <u>Foreign trusts</u>. The grantor trust rules also contain specific provisions relating to foreign trusts. Under these rules, a U.S. person who transfers property, directly or indirectly, to a foreign trust is treated as owning the portion of the trust that is attributable to the transferred property if any U.S. person is a beneficiary or could be made a beneficiary of that portion of the trust. Unlike the other grantor trust rules, this rule applies even if the U.S. person who transferred the property does not retain any power or interest in the property. Instead, the only question is whether a U.S. person is, or could be, a beneficiary of the portion of the foreign trust attributable to the transferred property.

For purposes of this rule, a foreign trust is automatically treated as having a U.S. beneficiary unless the terms of the trust expressly prohibit income or assets from the trust being paid to or accumulated for a U.S. person. So, for example, if a foreign trust does not have a U.S. beneficiary in a particular tax year, but the terms of the trust instrument allow the trust to be amended to benefit a U.S. person, all potential benefits that could be provided to that U.S. person must be taken into account, and the trust will be treated as having a U.S. beneficiary.

In determining whether a trust has a U.S. beneficiary, you may consider the trust instrument, as well as any additional written or oral agreements or understandings relating to the trust. If you find that there is an oral understanding, not reflected in the trust instrument, that the trust may be used to benefit a U.S. person, you may determine that the trust has a U.S. beneficiary. So, for example, if a foreign trust has no U.S. beneficiaries but permits a trustee to add beneficiaries, and there is an oral understanding between the grantor and the trustee that a U.S. person can be added as a beneficiary, then the trust is treated as having a U.S. beneficiary.

The law also contains a special rule for a foreign grantor who becomes a U.S. person after transferring property to a foreign trust. Under this rule, if a foreign grantor becomes a U.S. resident within five years of having transferred property to a foreign trust, the law treats the property in the trust at the time the person becomes a U.S. resident, including any income accumulated from the transferred property, as having been transferred on the start date of the grantor's residency in the United States. So, for example, assume that Jane Smith, a non-U.S. resident, transfers a rental property to a foreign trust on January 1, 2020, and that property earns $100 in income over the year. If Smith becomes a U.S. resident on January 1, 2021, the tax laws treat her as though she transferred both the property and the $100 to the trust on the day she became a resident and treats her as the owner of the foreign trust assets and income starting in 2021. As a result, unless the trust

prohibits any U.S. person from benefiting from the income of the trust, that income would be taxable to Smith from that point onward.

> Adapted from 26 U.S.C. § 671 (income from portion of trust owned by grantor is attributable to the grantor); 26 U.S.C. § 672 (defining "adverse" and "nonadverse party"); 26 U.S.C. § 674(a) (trusts where grantor has power to control beneficial enjoyment are grantor trusts); 26 C.F.R. § 1.674(a)-1(a) ("Section 674(a) states in general terms that the grantor is treated as the owner in every case in which he or a nonadverse party can affect the beneficial enjoyment of a portion of a trust, the limitations being set forth as exceptions in subsections (b), (c), and (d) of section 674."); 26 U.S.C. § 674(c) (exception for independent trustees); 26 C.F.R. § 1.674(d)-2(a) (unrestricted power to remove, substitute, or add trustees makes exception for independent trustee inapplicable); I.R.S. P.L.R. 9118017 (May 3, 1991) (treating grantor as owner of trust because of unrestricted power to remove and to replace the trustee); 26 U.S.C. § 675 (providing that grantors are deemed to own trusts in which they possess specified administrative powers); 26 C.F.R. § 1.675-1(a) ("If a grantor retains a power to amend the administrative provisions of a trust instrument which is broad enough to permit an amendment causing the grantor to be treated as the owner of a portion of the trust under section 675, he will be treated as the owner of the portion from its inception."); 26 U.S.C. § 676 (power to revest makes a trust taxable to the grantor); 26 C.F.R. § 1.676(a)-1 ("If the title to a portion of the trust will revest in the grantor upon the exercise of a power by the grantor or a nonadverse party, or both, the grantor is treated as the owner of that portion regardless of whether the power is a power to revoke, to terminate, to alter or amend, or to appoint."); 26 U.S.C. § 679 (grantor trust rules for foreign trusts); 26 C.F.R. § 1.679-2(4)(i) ("Even if, based on the terms of the trust instrument, a foreign trust is not treated as having a U.S. beneficiary … , the trust may nevertheless be treated as having a U.S. beneficiary pursuant to paragraph (a)(1) of this section based on the following—(A) All written and oral agreements and understandings relating to the trust…."; providing examples); 26 C.F.R. § 1.679-2(4)(ii) ("For purposes of determining whether a foreign trust is treated as having a U.S. beneficiary …, the following additional factors are taken into account—(A) If the terms of the trust instrument allow the trust to be amended to benefit a U.S. person, all potential benefits that could be provided to a U.S. person pursuant to an amendment must be taken into account…." "(C) If the parties to the trust ignore the terms of the trust instrument, or if it is reasonably expected that they will do so, all benefits that have been, or are reasonably expected to be, provided to a U.S. person

must be taken into account."); Rev. Rul. 71-548, 1971-2 C.B. 250 (1971) ("[A]s long as the grantor has a majority in interest whereby he is able to cause the trustee to sell the trust assets and distribute the proceeds, thus terminating the trust, he has a power to revoke the trust within the meaning of section 676 of the Code."); *De Amodio v. Comm'r*, 299 F.2d 623, 624 (3d Cir. 1962) (explaining that I.R.C. § 677(a)(1) "provides that the grantor is taxable on the income of a trust which may in the discretion of a nonadverse party be distributed to him. It is of no consequence that the income was not so distributed if, in fact, it could be"); *SEC v. Wyly*, No. 10-CV-5760 (SAS), 2014 WL 12771253, at *23 (S.D.N.Y. Sept. 24, 2014) ("Because a non-beneficiary trustee is considered a non-adverse party under the statute, [s]ection 674(a) captures virtually every trust.").

**Additional Tax Principles – Controlled Foreign Corporations**

In reporting "gross income," U.S. taxpayers who meet certain requirements must include and pay tax on specified types of income, known as "Subpart F Income," earned by controlled foreign corporations of which they are shareholders. This rule applies regardless of whether the corporation actually distributed the income to the taxpayer. In other words, even if the corporation made Subpart F Income, but kept that money in the company, it still must be reported as income on the U.S. taxpayer's income tax return.

For purposes of the U.S. tax laws, a "controlled foreign corporation" means any foreign corporation where more than half of the total combined voting power of all its stock is owned or considered owned by "United States shareholders" on any day during the foreign corporation's taxable year. The term "United States shareholder" means any U.S. person, including a resident alien, that owns or is considered as owning 10% or more of the outstanding voting stock of the foreign corporation. In other words, where a U.S. person owns at least 10% of a foreign corporation's outstanding voting stock, and, either alone or in combination with others, U.S. shareholders control more than half of the corporation's voting stock, then the foreign corporation is considered to be a controlled foreign corporation. The effect of these rules is that, where ownership of a foreign company is spread among many different shareholders, foreign corporations generally will not be considered controlled foreign corporations.

Whether one or more U.S. shareholders will be deemed to own more than half the voting power of a foreign corporation will depend on the facts and circumstances of each case. Under IRS rules, however, U.S. shareholders will be considered to own more than half of a foreign corporation's voting power if they have the power to elect, appoint, or replace a majority of the body, or person, that exercises the powers over the foreign corporation normally exercised by a

company's board of directors. Examples of powers normally exercised by a company's board include setting corporate policies, deciding what contracts a company should enter into, determining what compensation should be paid, setting corporate objectives or goals, and deciding how the company will seek to reach those goals. In other words, if U.S. shareholders can appoint or replace the person or persons exercising control over the foreign corporation, then the foreign corporation is considered a controlled foreign corporation for U.S. tax purposes.

Under the U.S. tax laws, ownership of stock in a foreign corporation is determined not by who is listed as the shareholder on paper, but by who actually controls the voting power of the stock. As a result, the law ignores arrangements to shift formal voting power away from a U.S. shareholder to others if, in reality, the U.S. shareholder retains that power. For example, if a U.S. person gives away stock in a foreign corporation to someone else with an express or implied agreement that the person receiving the stock will vote the shares in specific ways, then the law ignores that share transfer and treats the shares as still belonging to the U.S. person. This rule is consistent with the general principle, which I have explained to you, that the United States tax laws are applied according to truth and economic substance, without regard to form.

I previously explained to you the laws around grantor trusts. Under IRS rules, a U.S. person who is a grantor of a grantor trust, is treated as owning any shares held by that trust. As a result, if a grantor trust holds 10% or more of the outstanding voting stock of a controlled foreign corporation, then the U.S. grantor of that trust is treated as the owner of that stock for tax purposes and must report any Subpart F Income earned by that corporation on his or her taxes.

IRS rules also address circumstances where ownership of stock in a foreign corporation is layered through multiple foreign entities. In particular, when the stock of a foreign corporation is held through one or more foreign entities, IRS rules look through those entities and attribute

ownership of the stock to the first U.S. person in the chain. For example, if all of the stock of Foreign Company A is owned by Foreign Company B, which in turn is wholly owned by a U.S. person, Foreign Company A will be considered a controlled foreign corporation, and its Subpart F Income is attributable to the U.S. person who owns Foreign Company B. As a reminder, under IRS rules, a U.S. person who is the grantor of a grantor trust, is treated as owning any shares held by that trust. So if the grantor trust owned Foreign Company B, which then owned Foreign Company A, then the U.S. person treated as the owner of the grantor trust would be considered the U.S. shareholder of both Foreign Company A and Foreign Company B, and both companies' Subpart F income would be attributable to that U.S. person.

You've now heard me mention Subpart F Income several times, and I'd like to say just a few words about what that means. As a general matter, Subpart F Income includes various categories of income, including, among other things, dividends, interest, and royalties received by the corporation. Subpart F income also includes any payments to the corporation for the provision of personal services where a person other than a corporation has the right to designate the individual who is to perform the services or the individual who is to perform the services is named in the contract. So, for example, if a foreign corporation is paid for a particular person named in a contract to provide services to a venue, the payment for those services would be included in Subpart F Income. As I mentioned, when a corporation meets the requirements to be considered a controlled foreign corporation, U.S. shareholders are required to include their share of the company's Subpart F Income in the calculation of their own gross income on their personal tax returns, whether or not that income has actually been distributed to them.

> Adapted from 26 U.S.C. § 957(a) (defining "controlled foreign corporation"); 26 U.S.C. § 951(b) (defining "United States shareholders"); 26 U.S.C. § 7701(a)(30) (defining "U.S. person" to include residents and trusts where U.S. persons have the authority

to control all substantial decisions); 26 C.F.R. § 1.957-1(b) (listing cases where U.S. shareholders will be deemed to control CFC; "Any arrangement to shift formal voting power away from United States shareholders of a foreign corporation will not be given effect if in reality voting power is retained."); 26 C.F.R. § 1.958-1(b) (defining chain of ownership for stock held through foreign entities); 26 C.F.R. § 1.954-2(b) (defining foreign personal holding company income); 26 U.S.C. §§ 318(a)(2)(B)(ii) ("Stock owned, directly or indirectly, by or for any portion of a trust of which a person is considered the owner under [the Grantor Trust rules] shall be considered as owned by such person"), 958(b) (incorporating the constructive ownership rules found in § 318(a) into Subpart F); Revenue Ruling, 1970-2 C.B. 157, Rev. Rul. 70-426, 1970 WL 20535 (1970); *Garlock Inc. v. C. I. R.*, 489 F.2d 197, 198 (2d Cir. 1973) ("Section 951, which was enacted in 1962, provides that a United States shareholder of a CFC must include in income its pro rata share of the corporation's 'subpart F income,' … whether or not that income has been distributed to the shareholder."); *R.E. Dietz Corp. v. United States*, 939 F.2d 1, 6 (2d Cir. 1991) ("Subpart F of the Internal Revenue Code (sections 951–964) was enacted to deter taxpayers from using foreign subsidiary corporations to accumulate earnings in countries that impose no taxes on accumulated earnings."); *Galef v. Alexander*, 615 F.2d 51, 57 (2d Cir. 1980) ("The management of a corporation is normally entrusted to its board of directors. The directors have responsibility for such matters as setting the policies of the corporation, deciding what contracts the corporation will enter into, determining what compensation will be adequate, and deciding how, generally and specifically, it will seek to reach its goals."); *United States v. Willner*, No. 07 Cr. 183 (GEL), 2007 WL 2963711, at *7 (S.D.N.Y. Oct. 11, 2007) ("what is and is not income . . . must be determined 'according to truth and substance, without regard to form'" (quoting *Eisner v. Macomber*, 252 U.S. 189, 206 (1920))).

## REQUEST NO. 24

## Motive

Proof of motive is not a necessary element of the crimes with which the defendant is charged. Proof of motive does not establish guilt, nor does a lack of proof of motive establish that the defendant is not guilty.

If the guilt of the defendant is shown beyond a reasonable doubt, it is immaterial what the motive for the crimes may be, or whether any motive is shown, but the presence or absence of motive is a circumstance that you may consider as bearing on the intent of the defendant.

Adapted from Sand, *Modern Federal Jury Instructions* 6-18; *United States v. Simon*, 425 F.2d 796, 808-09 (2d Cir. 1969).

## REQUEST NO. 25

## Venue

In addition to proving the essential elements of each crime beyond a reasonable doubt, the government must also establish what is called "venue"—that is, that some act pertaining to the charged scheme to defraud the United States occurred in the Southern District of New York. The Southern District of New York includes all of Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties. The government does not have to prove that the complete crime was committed within the Southern District of New York or that the defendant was ever in the Southern District of New York.

As to Count One, the conspiracy count, the government may establish venue if it proves that any act in furtherance of the conspiracy charged occurred in the Southern District of New York. The act itself need not be a criminal act; it could include, for example, a meeting with others involved in the criminal scheme within this District. The act need not be taken by the defendant or a conspirator, so long as the act was caused by the conduct of a defendant or a coconspirator or was reasonably foreseeable.

As to Counts Two through Six, the aiding or the assisting of filing of false tax return counts, the government may establish venue by proving, with respect to the return at issue in a particular count, either that the return was prepared and signed in the Southern District of New York, or that the return was received and filed in the Southern District of New York, or that any act of aiding or assisting the preparation of the return took place in the Southern District of New York.

I note that, on the issue of venue and on this issue alone, the government need not prove its position beyond a reasonable doubt. It is sufficient if the government proves venue by a mere preponderance of the evidence. A proposition is proven by a preponderance of the evidence if you conclude that it is more likely true than not. Thus, the government has satisfied its venue

obligations for a particular count if you conclude that it is more likely than not that the crime

charged or any act in furtherance of that crime occurred in the Southern District of New York.

> Adapted from the Jury Charge of the Honorable Cathy Seibel in *United States v. Gentle*, 16 Cr. 238 (CS), Tr. 878-879; the Jury Charge of the Honorable John G. Koeltl in *United States v. Bayou*, No. 15 Cr. 576 (JGK), Tr. 1466-67.

## REQUEST NO. 26

## Variance in Dates

The Indictment in this case refers to various dates. The government is not required to prove that the conduct took place on the precise dates alleged in the Indictment. The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established through evidence at trial. It is not essential that the government prove that the conspiracy started and ended within the specified time period. The government is also not required to prove that the defendant participated in the charged conspiracy for the entire time period alleged in the Indictment. It is sufficient if you find that a conspiracy was formed and that it existed for some time within the period set forth in the Indictment.

> Adapted from the charges of the Honorable Nelson S. Román in *United States v. Graham*, 16 Cr. 786 (NSR) (S.D.N.Y. 2019); and the Honorable J. Paul Oetken in *United States v. Pauling*, No. 16 Cr. 563 (Feb. 13, 2019); *see also* Sand, Federal Jury Instructions, Instr. 3-12; *United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The Defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member." (citations omitted)).

## REQUEST NO. 27

### Particular Investigative Techniques Not Required [If Applicable]

You have heard reference, [*If applicable:* in the arguments of defense counsel in this case,] to the fact that certain investigative techniques were or were not used by law enforcement authorities. There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the government prove its case through any particular means. While you are to carefully consider the evidence presented, you need not speculate as to why certain techniques were used or why others were not used. The government is not on trial. Law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant have been proven beyond a reasonable doubt.

> Adapted from the jury charges given by the Honorable William H. Pauley III in *United States v. Meregildo*, 11 Cr. 576 (S.D.N.Y. Nov. 28, 2012); the Honorable Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (S.D.N.Y. 1992); and the Honorable John F. Keenan in *United States v. Medina*, 91 Cr. 894 (S.D.N.Y. 1992).

## REQUEST NO. 28

### Stipulations [If Applicable]

You have heard evidence in the form of stipulation[s] of testimony. A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony. You should accept as true the fact that the witness would have given that testimony. It is for you, however, to determine the effect to give that testimony.

You have also heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement among the parties that a certain fact is true. You should regard such agreed facts as true. It is for you, however, to determine the effect to be given to any stipulated fact.

> Adapted from the jury charge given by the Honorable Sidney H. Stein in *United States v. Pierre*, 19 Cr. 783 (SHS) (S.D.N.Y. May 17, 2021); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 5-6.

## REQUEST NO. 29

## Charts and Summaries [If Applicable]

During the course of the trial, you saw certain charts, schedules, and tables.

### Charts & Summaries (Admitted as Evidence) [If Applicable]

Some of those charts and tables were admitted as evidence, and you should consider them as you would any other evidence admitted in this case.

### Charts & Summaries (Not Admitted as Evidence) [If Applicable]

There were other charts, schedules, or tables that you saw that were not admitted into evidence, and were shown to you simply to make the information that was admitted more meaningful and to aid you in considering that evidence. These charts and tables are not direct, independent evidence; they are simply summaries of the evidence meant to aid you.

It is for you to decide whether these charts, schedules or tables correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules, and tables if you find that they are of assistance to you in analyzing and understanding the evidence.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instrs. 5-12 and 5-13, and the charges of the Honorable Katherine B. Forrest in *United States v. Benito Del Rosario*, 12 Cr. 81 (KBF) (S.D.N.Y. 2012) and the Honorable Katherine B. Forrest in *United States v. Delligatti*, No. 15 Cr. 491 (KBF) (S.D.N.Y. 2018).

## REQUEST NO. 30

## Law Enforcement and Government Employee Witnesses [If Applicable]

You have heard testimony from employees of the government. The fact that a witness may be employed by the federal government as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an other witness. At the same time, in considering the credibility of such a witness, you are entitled to consider whether his or her testimony may be colored by a personal or professional interest in the outcome of the case.

> Adapted from the charge of the Honorable Nelson S. Román in *United States v. Graham*, 16 Cr. 786 (NSR) (S.D.N.Y. 2019); Sand, *Modern Federal Jury Instructions* 7-16.

## REQUEST NO. 31

## Preparation of Witnesses [If Applicable]

You heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Honorable Richard J. Sullivan in
*United States v. Peirce*, 06 Cr. 1032 (S.D.N.Y. Feb. 22, 2008).

**Persons Not on Trial**

Some of the people who may have been involved in the events leading to this trial are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the government or the defendant from the fact that certain persons other than the defendant were not named as defendants in the Indictment. Nor may you speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

Whether a person should be named as a co-conspirator or indicted as a defendant in this case or another separate case is a matter within the sole discretion of the United States Attorney and the Grand Jury. Therefore, you may not consider it in any way in reaching your verdict as to the defendant.

> Adapted from the charge of the Honorable Peter K. Leisure in *United States v. Parra and Ortega*, S1 02 Cr. 348 (PKL) (S.D.N.Y. 2004), and from Sand, *Modern Federal Jury Instructions*, Instr. 3-4.

<u>**REQUEST NO. 33**</u>

<u>**Uncalled Witnesses—Equally Available**</u>

There are individuals whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on the defendant in a criminal case the burden of calling any witness or producing any evidence.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-7; *see United States v. Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); *accord United States v. Brown*, 511 F.2d 920, 925 (2d Cir. 1975).

## REQUEST NO. 34

### Defendant's Testimony [If Applicable]

A defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent. In this case, the defendant did testify, and he was subject to cross-examination like any other witness. You should examine and evaluate the testimony just as you would the testimony of any other witness.

> Adapted from Sand *et al.*, Modern Federal Jury Instructions, Instr. 7-4; *see also United States v. Gaines*, 457 F.3d 238, 249 & n.9 (2d Cir. 2006).

## REQUEST NO. 35

### Defendant's Right Not to Testify [If Applicable]

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or present any evidence, because it is the government's burden to prove a defendant's guilt beyond a reasonable doubt. That burden remains with the government throughout the trial and never shifts to a defendant. A defendant is never required to prove that he or she is innocent. You may not attach any significance to the fact that the defendant did not testify. You may not draw any inference against the defendant because he did not take the witness stand. You may not speculate as to why he did not testify, and you may not consider this against him in any way in your deliberations.

> Adapted from the charge of the Honorable J. Paul Oetken in *United States v. Matthews*, 18 Cr. 124 (Sept. 24, 2018).

## REQUEST NO. 36

## Agreement Not to Prosecute Government Witnesses [If Applicable]

You have heard the testimony of one or more witnesses whom the Government has promised—in exchange for testifying truthfully, completely and fully—will not be prosecuted for any crimes in which they may have participated.

The Government is permitted to make these kinds of promises, called a non-prosecution agreement, and is entitled to call as witnesses people to whom such promises are given. The fact that the Government has agreed not to prosecute a witness does not disqualify her or him from testifying, and does not preclude you from accepting that testimony as true. You are instructed that you may convict a defendant on the basis of such a witness's testimony alone, if you find that his or her testimony proves the defendant guilty beyond a reasonable doubt.

In evaluating the testimony of a witness with a non-prosecution agreement, you should ask yourselves whether he or she would benefit more by lying, or by telling the truth. Was his or her testimony made up in any way because the witness believed or hoped that he or she would somehow receive favorable treatment by testifying falsely? Or did the witness believe that his or her interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause the witness to lie, or was it one which would cause him or her to tell the truth? Did this motivation color the witness's testimony?

If you find that the testimony was false, you should reject it. However, if, after a cautious and careful examination of the witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

Adapted from Sand *et al.*, Modern Federal Jury Instructions, Instr. 7 9.

## REQUEST NO. 37

## Testimony of Immunized Witnesses [If Applicable]

You have heard the testimony of witnesses who testified under a grant of immunity from this Court. Because each witness was immunized and ordered to testify, his testimony cannot be used against him in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this Court. You should not be concerned with why a witness received court-ordered immunity.

The mere fact that a witness may have participated in criminal conduct and been immunized does not mean the witness has or has not told the truth. Your sole concern is whether a witness has given truthful testimony in this courtroom before you. As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

Adapted from the charge of the Hon. Katherine B. Forrest in *United States v. Delligatti*, 15 Cr. 491 (S.D.N.Y. 2018).

## REQUEST NO. 38

## False Exculpatory Statements [If Applicable]

You have heard testimony that the defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt. The government claims that these statements in which the defendant exculpated himself are false. If you find that the defendant gave a false statement to divert suspicion from his scheme, you may infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes with which he is charged.

Whether the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

> Adapted from the charges given by the Honorable Nelson S. Román in *United States v. Graham*, 16 Cr. 786 (NSR) (S.D.N.Y. 2019); Sand, *Modern Federal Jury Instructions*, Instr. 6-11; *United States v. Cassese*, 428 F.3d 92, 106-07 (2d Cir. 2005) ("… if … false exculpatory statements were indicative only of a defendant's knowledge and intent at the time of those actions, the evidence would be irrelevant to the charged crime and properly excluded. Instead, the law admits consciousness-of-guilt evidence precisely because a jury may properly infer therefrom that the Defendant believes himself to be guilty of the charged crime, which constitutes some evidence that he is, in fact, guilty." (citing Sand, *Modern Federal Jury Instructions*, Instr. 6-9 (flight), 6-11 (false exculpatory statements))).

## REQUEST NO. 39

## Use of Evidence Obtained in Searches [If Applicable]

You have heard testimony about certain evidence that was seized in searches of particular locations and digital storage servers. Evidence obtained from those searches was properly admitted in this case, and may be considered by you. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations because I now instruct you that the government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in this case in determining whether the government has proven the guilt of the defendant beyond a reasonable doubt.

> Adapted from the charges of the Honorable Pierre N. Leval in *United States v. Ogando*, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), *aff'd*, 968 F.2d 146 (2d Cir. 1992), and in *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

## REQUEST NO. 40

## Translations [If applicable]

You have seen a number of documents that were admitted into evidence. Portions of certain of these documents were in Dutch. With respect to foreign language documents, the Court has admitted English language translations of those Dutch documents into evidence. The written English translations are evidence. You must accept the translations contained in the transcript as evidence and that's part of the evidence before you. You must disregard any different meaning.

Adapted from the charge of the Honorable P. Kevin Castel in *United States v. Stasiv*, S1 18 Cr. 259 (PKC) (S.D.N.Y. 2019).

## REQUEST NO. 41

## Similar Acts Evidence [If Applicable]

You have heard evidence that on other occasions, the defendant engaged in conduct similar in nature to the conduct charged in the Indictment.

Let me remind you that the defendant is on trial only for knowingly and willingly participating in the crimes charged in the Indictment. Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crimes charged in the Indictment. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. This evidence was admitted for a limited purpose, and you may consider it for that purpose only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other acts he must also have committed the crimes charged in the Indictment.

> Adapted from the charge of the Honorable John F. Keenan, *United States v. Carrero*, 91 Cr. 365, and from the charge of the Honorable Vernon S. Broderick, *United States v. Frazier*, *et al.*, 15 Cr. 153; Sand, *Modern Federal Jury Instructions*, Instr. 5-25.

## REQUEST NO. 42

### Conclusion

Before you begin to deliberate, I want to remind you that you must be guided solely by the evidence in the case. The question you must ask yourselves as you consider and analyze the evidence is this: where do I find the truth? The only triumph in any case is whether or not the truth has come out and been found. If it has, then justice will have been done; if it has not, justice will not have been done.

You are to determine the guilt or lack of guilt of the defendant based solely upon the evidence and subject to the law as I have instructed you on that law.

Your job is to decide whether the evidence established the guilt of the defendant on each of the crimes charged in the Indictment beyond a reasonable doubt.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law. Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result. Both sides are entitled to a fair trial. You are to make a fair and impartial decision so that you come to a just verdict.

Adapted from charge of the Honorable John F. Keenan in *United States v. Paa Smith*, 02 Cr. 104 (JFK) (S.D.N.Y. July 31, 2002).

The government respectfully requests that the Court include the foregoing in its instructions to the jury. In submitting these requests to charge, the government reserves its right to request additional or modified requests at or near the close of evidence.

Dated:  White Plains, New York
        October 4, 2024

                            Respectfully submitted,

                            DAMIAN WILLIAMS
                            United States Attorney
                            Southern District of New York

            by:     _____/s/_____
                            Benjamin Klein
                            Shiva H. Logarajah
                            David A. Markewitz
                            Assistant United States Attorneys
                            Southern District of New York
                            (914) 993-1900