UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 22 Cr. 560 (CS) |
| v. | |
| FRANK BUTSELAAR, *Defendant.* | |

## DEFENDANT FRANK BUTSELAAR'S REQUESTS TO CHARGE

Pursuant to Federal Rule of Criminal Procedure 30, Defendant Frank Butselaar respectfully requests that the Court include the following in its charge to the jury. Mr. Butselaar reserves his right to modify these proposed instructions, to make specific objections or suggestions to the Court's charge, and to submit additional proposed instructions as necessary.


Dated:  White Plains, New York
        October 4, 2024

Respectfully submitted,

*/s/ Kerry Lawrence*
Kerry A. Lawrence, Esq.
LAW OFFICE OF KERRY LAWRENCE PLLC
140 Grand Street, Suite 705
White Plains, New York 10601
Phone: (914) 946-5900

Samidh Guha, Esq.
GUHA PLLC
1740 Broadway, 15th Floor
New York, New York 10019
Phone: (212) 399-8350

Diane M. Fischer, Esq.
LAW OFFICE OF DIANE FISCHER
195 Plymouth Street
Brooklyn, New York 11201
Phone: (646) 872-3505

*Attorneys for Defendant Frank Butselaar*

# TABLE OF CONTENTS

Request No. 1: Usual General Instructions.....................................................................1

Request No. 2: Witness Credibility ..............................................................................2

Request No. 3: Cooperating Government Witnesses......................................................4

Request No. 4: Summary of the Indictment..................................................................5

Request No. 5: Instructions About Tax Terms ..............................................................7

Request No. 6: Count One —  Conspiracy to Defraud the United States .....................11

Request No. 7: First Element – Existence of an Agreement..........................................13

Request No. 8: Second Element – Membership in the Conspiracy ...............................15

Request No. 9: Commission of an Overt Act ...............................................................17

Request No. 10: Conspiracy and Substantive Counts...................................................19

Request No. 11: Object of the Conspiracy — Tax Evasion ..........................................20

Request No. 12: Counts Two Through Six – Aiding and Assisting in the Filing of
    a False or Fraudulent Tax Return...........................................................................25

Request No. 13: The Good Faith Defense ...................................................................27

Request No. 14: The Theory of the Defense — Explained ...........................................29

Request No. 15: Venue ..............................................................................................30

**REQUEST NO. 1: USUAL GENERAL INSTRUCTIONS**

The Defendant respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.      Function of Court and Jury.

b.      Government As A Party.

c.      Indictment Is Not Evidence.

d.      Definitions, Explanations, and Examples of Direct and Circumstantial Evidence.

e.      Stipulations.

f.      Inferences.

g.      Hearsay.

h.      Burden of Proof and Presumption of Innocence.

i.      Reasonable Doubt.

j.      Jury's Recollection Controls.

k.      Rulings on Evidence and Objections.

l.      Right to See Exhibits and Have Testimony Read During Deliberations.

m.      Verdict of Guilt or Innocence Must Be Unanimous.

n.      Defendant Not Testifying (If Applicable).

## REQUEST NO. 2: WITNESS CREDIBILITY[1]

Now for the important subject of evaluating testimony. How do you evaluate the credibility or believability of the witnesses? It must be clear to you by now that you are being asked to draw very different conclusions by the defendant and the government about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

You should use the same tests for truthfulness that you would use in determining matters of importance in your everyday lives. You should ask yourselves: Did the witness impress you as honest, open, and candid, or was the witness evasive and suspect in some way? That is, what was the witness's behavior, manner, and appearance while testifying? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent in their testimony, or did they contradict themselves? Did the witness appear to know what they were talking about and as someone who was trying to report their knowledge accurately? In answering these questions, you should ask what opportunities the witness had to see, hear, and know about the things about which they testified, the accuracy of their memory, their candor or lack of candor, their intelligence, and the reasonableness of their testimony. Ask yourselves whether the witness's recollection stands up in light of all of the other evidence.

Few people recall every detail of every event precisely the same way. A witness may be

---

[1] Adapted from MFJI, Instruction 7-01, and charge given in *United States v. Moslem,* 19 Cr. 547 (CS) (S.D.N.Y. 2022) (ECF No. 146 at 1290-93).

inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects. It is for you to determine whether such inconsistencies are significant or inconsequential. If you find that a witness intentionally testified falsely, that is always a matter of importance that you should weigh carefully. If you find that any witness has willfully testified falsely as to an important matter, you may disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.

You are not required, however, to consider such a witness as totally unbelievable. You may accept so much of the witness's testimony as you deem true, and disregard what you feel is false. You are not required to accept testimony even though the testimony is uncontradicted, and the witness's testimony is not challenged. You may decide because of a witness's bearing or demeanor or because of the inherent improbability of the testimony, or for other reasons sufficient to yourselves, that the testimony is not worthy of belief. On the other hand, you may find because of the witness's bearing and demeanor, the plausibility of the testimony, and the other evidence in the case, that the witness is truthful.

How much you choose to believe may be influenced by the witness's bias. Does that witness have some bias, prejudice, or hostility that may have caused the witness — unconsciously or not — to give you something other than a completely accurate account of the facts they testified to? In deciding the question of credibility, remember that you should use your common sense, good judgment, and experience. By the processes I have just described, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it.

**REQUEST NO. 3: COOPERATING GOVERNMENT WITNESSES**

In this case there has been testimony from witnesses who have cooperated with the Government either under an agreement that Government will not prosecute them for any of the tax crimes underlying the charges against the Defendant, or pursuant to an order of immunity. A grant of immunity means that the Government cannot use any of the statements made by the witness during their testimony, or any information directly or indirectly derived from that testimony, to bring criminal charges against them, except in certain narrow circumstances.

The Government is permitted to enter into these kinds of agreements. However, testimony from a cooperating witness is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide whether to believe that testimony. You should bear in mind that a witness who has entered into such an agreement has an interest in this case different from any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care. After scrutinizing his testimony, you should decide what weight, if any, it deserves.

## REQUEST NO. 4: SUMMARY OF THE INDICTMENT

The Defendant, Frank Butselaar, has been charged in what is called an Indictment. I remind you that the Indictment merely describes the charges made against the defendants. It contains accusations. It is not evidence. People are accused of crimes that are not guilty of anything. The fact that a defendant has been indicted should not be considered by you for any reason or purpose. Mr. Butselaar has pleaded not guilty to the accusations in the indictment.

The Indictment in this case contains six counts. However, each count is a separate offense or crime. Each count must therefore be considered separately by you, and you must return a separate verdict on each count.[2]

The Government alleges in Count One of the Indictment that from in or about 2012 through in or about 2018, the Defendant conspired with others to defraud the United States government by knowingly and willfully providing advice to taxpayers, on whose behalf tax preparers submitted false tax filings to taxes to the Internal Revenue Service, the government agency responsible for the collection of federal taxes, to evade their tax obligations. To be clear, the taxes that were allegedly owed to the IRS and evaded were not owed by the Defendant and the co-conspirators but by certain clients, who have been referred to as the taxpayers in this case.

Counts Two through Six of the Indictment charge the Defendant with willfully aiding and assisting the taxpayers and tax preparers in their preparation and filing of false or fraudulent tax returns on behalf of those taxpayers in that they failed to report the taxpayers' worldwide income for the years during which they qualified as U.S. tax residents.

In a moment, I will summarize the charges in the Indictment and then explain in detail the

---

[2] Adapted from MFJI, Instruction 3.01 and charge given in *United States v. Stein et al.,* S1 05 Cr. 888 (LAK) (S.D.N.Y. 2008).

elements of each charged crime. The Defendant contends that he is not guilty of any of the charges in the Indictment and that the Government has not proven any of these charges beyond a reasonable doubt.

## REQUEST NO. 5: INSTRUCTIONS ABOUT TAX TERMS[3]

Before I instruct you on the specific elements of each of the crimes charged, I want to instruct you generally about certain tax terms and principles you may have heard throughout the trial as they relate to the evidence and the charges. The object of this case is not to collect any tax money, or any civil penalties that might be owed to the Government by anybody. This is a criminal case. Its object is to enforce laws that make it a crime to attempt to defeat or evade the payment of a tax due or to conspire to commit that and other offenses if you are persuaded that any crime has been committed in the first place.

### A.    General

Now, Congress has passed many laws concerning taxes. These laws are published in what is called the Internal Revenue Code. In addition to the laws found in the Internal Revenue Code, what some people call the tax code, the Treasury Department periodically issues interpretations and explanations of the Internal Revenue Code. Those are known as the treasury regulations. The Internal Revenue Service also issues things called revenue rulings and notices, both of which contain interpretations and explanations of the Internal Revenue Code. Those interpretations and explanations put out by the Internal Revenue Service do not have the force of law. If a taxpayer files a tax return with which the IRS disagrees, and the IRS agent who examines the tax return decides the taxpayer owes more money, the taxpayer may contest that agent's decision. Because the IRS agent's decision may be incorrect, the law provides many different opportunities for a taxpayer to challenge the IRS agent's decision including separate tax courts.

However, the filing of federal income tax returns is not voluntary. Individuals who receive

---

[3] Adapted from the charge given in *United States v. Stein,* 05 Cr. 888 (LAK)(S.D.N.Y. 2010) and other citations as noted.

income in excess of a minimum amount are required to file tax returns and pay taxes imposed. Now, the Internal Revenue Code requires taxpayers to file tax returns in which they must report their gross income. It permits taxpayers to claim certain deductions from that income to arrive at a figure that is called taxable income. You all, I am sure, are familiar with some deductions that are commonly permitted on personal income tax returns, such as the deduction for charitable contributions or the deductions for medical expenses. There are many others. The federal income tax is imposed only on what's called taxable income.

There is also income or other proceeds for a taxpayer that are lawfully not required to be reported to the IRS. This, like many other aspects of proper tax filings, is determined on a case-by-case basis for each taxpayer, depending on their individualized circumstances. Some individuals hire tax and financial planning professionals to help assess the complexity of their individualized circumstances. Such assistance is permitted and lawful.

As I instructed you at the beginning of this trial, a taxpayer, with the assistance, if he or she chooses, of tax and financial planning professionals, is entitled to arrange his or her affairs in any lawful manner so that his or her taxes are as low as possible.[4] In other words, tax avoidance is legal. "'[Th]e very meaning of a line in the law is that you intentionally may go as close to it as you can if you do not pass it.' This is so because [there is no] 'public duty to pay more than the law demands: taxes are enforced exactions, not voluntary contributions.'"[5] Taxpayers may discuss with his or her tax and financial planning professionals the best way to lawfully avoid taxes in a way that minimizes their tax burden. In some circumstances, tax and financial planning

---

[4] *Helvering v. Gregory*, 69 F.2d 809, 810 (2d Cir. 1934) (Judge Learned Hand), aff'd 293 U.S. 465 (1935).
[5] *Atlantic Coast Line v. Phillips*, 332 U.S. 168, 172-73 (1947) (quoting Justice Holmes and Judge Learned Hand).

professionals may have different views on the best lawful way to do so and it is ultimately the decision of the taxpayer to make proper tax filings.

Neither the taxpayer nor tax preparer, somebody who prepares tax returns for somebody else, may lawfully misrepresent material facts to the Internal Revenue Service with their filing. Nor may a taxpayer properly obtain tax benefits, whether in the form of a tax deduction or something else, from transactions that lack economic substance.

Now, of course, I am sure it is obvious to everybody that the tax laws are not always crystal clear. Sometimes questions of judgment arise with respect to all sorts of issues, including whether a particular deduction, given all of the facts, is proper, and whether a particular transaction lacks economic substance. And you have heard from counsel during opening statements, and for that matter, closing argument, about the making of such judgments.

There is nothing in the tax laws that requires or prevents any taxpayer, or any advisor, from taking an aggressive or debatable tax position. But if the tax position taken is questioned and it is ultimately decided by the government that the position was incorrect, the taxpayer is required to pay the additional tax owed plus interest. Sometimes a taxpayer will also be required to pay penalties, which can be substantial. The question here is whether the Defendant knowingly and willfully imparted erroneous advice to the taxpayers with the specific intent that the taxpayers would be in violation of the provisions of the Internal Revenue Code as charged in the Indictment.

I am going to instruct you in detail later on about the precise elements of a criminal violation of the federal tax laws. For present purposes, however, the point I want to make is simply this, in order to prove a criminal violation of the federal tax laws, the Government must prove beyond a reasonable doubt that the defendant intentionally agreed with others for the taxpayers or the tax preparers to violate their legal duty to file lawful tax returns. This means, among other

things, that good faith errors of judgment about the requirements or the interpretation of the tax laws do not constitute crimes.

Now, a word about the use of trusts, which you've heard extensive testimony about throughout this trial. Trusts are often established and used with an eye toward reducing, eliminating, or delaying tax liability, among many other lawful purposes both business and personal. You have heard evidence in this case related to such tax motives on the part of the Defendant on behalf of his clients. There are both lawful and unlawful ways to employ domestic and foreign trusts to eliminate, reduce, or delay tax liability.[6] It is not a crime for a taxpayer or his/her advisors to have the objective of lawfully minimizing a taxpayer's tax burden and in fact doing so. Further, money that is taken lawfully from a trust and with a genuine intent to repay it is considered a loan and, depending on the circumstances, may not be taxable as income.[7]

Transactions taking place in foreign countries, including Cyprus and Guernsey, and involving entities or corporations in foreign countries are not illegal. You are to draw no negative inference from the simple fact that a foreign corporation, which sometimes is referred to as an off-shore corporation or entity, was involved in the transactions you hear about. Moreover, each nation typically has its own tax laws and regulations that must be considered where applicable by taxpayers in conjunction with the United States tax laws.

---

[6] Adapted from the charge given in *S.E.C. v. Wyly*, 10 Civ. 5760 (SAS)(S.D.N.Y. May 7, 2014)(ECF No. 377 at 3240).
[7] Adapted from the charge given in *United States v. Ohle et al*., 08 Cr. 1109 (JSR) (S.D.N.Y. 2010) (ECF No. 113).

**REQUEST NO. 6: COUNT ONE —**
**CONSPIRACY TO DEFRAUD THE UNITED STATES[8]**

Count One, the Conspiracy charge, alleges that the Defendant knowingly and willfully came to an agreement or understanding with at least one other person to defraud the United States and the IRS and then acted to achieve the goals of the alleged agreement. The Government has alleged that this agreement had the following illegal objectives: (1) to conceal the taxpayer clients' foreign income in order to knowingly and willfully evade the payment of income taxes on that income on behalf of the clients, and (2) to aid and assist the preparation and presentation of tax returns that were fraudulent and false as to material matters. I shall instruct you more fully later in my charge as to the precise meanings of these offenses.

The relevant statute here is Section 371 of Title 18 of the United States Code, which provides in relevant part:

> If two or more persons conspire ... to commit any offense against the United States or to defraud the United States, or any agency thereof … and one or more of such persons do any act to effect the object of the conspiracy, … [an offense against the United States is committed.]

A conspiracy is a kind of criminal partnership — a combination or agreement of two or more persons who join together with the express intention or understanding that they seek to accomplish some unlawful purpose. The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes." Congress has deemed it appropriate to make a conspiracy, standing alone, a separate crime, even if it is not successful.

In this regard, the charge of conspiracy to defraud the Government does not mean that one

---

[8] Adapted from MFJI, Instructions 19-02 and 19-03.

of the illegal objects must be to cause the Government to suffer a loss of money or property as a consequence of the conspiracy. It would also be a conspiracy to defraud if one of the objects was to obstruct, interfere, impair, impede or defeat the legitimate functioning of the Government through fraudulent or dishonest means, as I will define these terms.

Count One has three elements that the Government must prove beyond a reasonable doubt:

First, that an agreement or understanding to accomplish at least one of the unlawful objectives alleged in the Indictment existed;

Second, that the Defendant knowingly and willfully became a member of the alleged conspiracy;

Third, that at least one of the members of the conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

**REQUEST NO. 7: FIRST ELEMENT – EXISTENCE OF AN AGREEMENT[9]**

The first element that the Government must prove beyond a reasonable doubt is the existence of a conspiracy, that is, that the Defendant and at least one other person knowingly and deliberately arrived at the agreement to accomplish at least one of the unlawful objectives alleged in the Indictment.

The objects of a conspiracy are the illegal goals that the co-conspirators agree or hope to achieve. In this instance, the Government alleges that there was an agreement or understanding to accomplish two unlawful objectives. First, it was a part and object of the conspiracy that the Defendant and others unlawfully, willfully, and knowingly did and would attempt to evade and defeat a substantial part of the income taxes due and owing to the United States by taxpayer clients in violation of the particular provision of the Internal Revenue Code. Second, it was further a part and object of the conspiracy that the Defendant and others unlawfully, willfully, and knowingly would and did aid and assist in and procure, counsel, and advise the preparation and presentation under the Internal Revenue Code certain United States individual income tax returns which were fraudulent and false as to material matters, in violation of the taxpayers' legal duty not to do so. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To satisfy this element, the Government must prove beyond a reasonable doubt that the Defendant and at least one other person, in some way or manner, explicitly or implicitly, came to an understanding to accomplish their common unlawful objective, whether or not they were successful. It is also not necessary for the Government to prove that the conspiracy lasted throughout the entire period alleged, that is, between 2012 and 2018, but only that it existed for

---

[9] Adapted from MFJI, Instructions 19-04.

some time within that period.

To prove the existence of a conspiracy, the Government is not required to show that two or more people entered into an express or formal agreement, orally or in writing, stating that they had formed a conspiracy to violate the law. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was or every precise detail of the scheme or how it was to be accomplished. The Government must prove that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish the unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In this regard, you may, in determining whether there was an unlawful agreement as alleged in the Indictment, consider the actions and conduct of the alleged co-conspirators that were taken to carry out the apparent common criminal purpose. The separate acts of the individual co-conspirators, when taken together and considered as a whole, may warrant the inference that a conspiracy existed just as conclusively as direct proof, such as an express agreement.

Lastly, you need not find that the co-conspirators accomplished the objects or goals of the conspiracy, that is, the commission of a crime. Instead, an agreement to accomplish the goal of committing one of the objects or goals of the conspiracy is sufficient with respect to finding the first element of the conspiracy that has been satisfied for Count One.

**REQUEST NO. 8: SECOND ELEMENT – MEMBERSHIP IN THE CONSPIRACY[10]**

The second element of Count One, is proof beyond a reasonable doubt that the Defendant willfully and knowingly became a member of the conspiracy with the intent to fulfill its illegal objectives.

To act knowingly means to act voluntarily and deliberately rather than mistakenly or inadvertently.

To act willfully means to act voluntarily and intentionally, with the specific intent that an act be done. In this case, the act would be to aid and assist in the filing of a false tax return, when it was the legal duty of the taxpayer and the tax preparers not to do so.

In other words, an act is done knowingly and willfully if it's done purposely and deliberately with an intent to violate the law. That is, the Defendant's act must have been the product of the Defendant's conscious determination rather than the product of mistake, accident, mere negligence, or some other innocent reason. The ultimate facts of knowledge and criminal intent may be established by words and conduct and all the surrounding circumstances, as well as by the rational and logical inferences that may be drawn from the words or the conduct. It is for you to determine whether the Government has established such knowledge and intent on behalf of the Defendant beyond a reasonable doubt.

While proof of a financial interest in the outcome of the scheme is not essential, if you find that the Defendant had such an interest, that's a factor you may properly consider in determining whether he was a member of the conspiracy. If you determine that the Defendant became a member of the conspiracy, the duration and extent of the Defendant's participation have no bearing on the issue of the Defendant's guilt.

---

[10] MFJI, Instruction 19-06 and 59-30.

It is also not necessary for the Defendant to have joined the conspiracy at the outset. A member of a conspiracy may join it at any time — at the beginning, in the middle, or at the end — and each will still be held responsible for all that was done before he joined, as well as all that was done during the conspiracy's existence while he was a member.

However, I want to caution you that mere association with a member of a conspiracy does not make that individual a member of the conspiracy, even when that association is coupled with the knowledge that the conspiracy member is committing a crime. Mere presence at the scene of a crime, even when coupled with the knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without participation is not sufficient to satisfy the second element. What is necessary is that the defendant participated in the conspiracy with knowledge of its unlawful purpose and with intent to aid in the accomplishment of its unlawful object or objectives.

In sum, you must find that the Defendant knowingly and willingly participated in the alleged conspiracy (1) with knowledge of its unlawful purposes, and (2) with the specific intention of furthering one or more of its objectives of the conspiracy, including:

a.    to conceal certain income for the purposes of evading taxes owed by the taxpayers on such income; and

b.    to aid and assist in the preparation and filing of tax returns that were fraudulent or false as to material matters knowing that it was the legal duty of the taxpayer and the tax preparers not to do so.

## REQUEST NO. 9: COMMISSION OF AN OVERT ACT[11]

The third element that the Government must prove beyond a reasonable doubt to establish the offense of conspiracy, is that at least one of the overt acts charged in the Indictment was knowingly committed by at least one of the conspirators, at or about the time and place alleged, in furtherance of one or more of the conspiracy's objectives.

The Government alleges that the following overt acts were committed in furtherance of the charged conspiracy:

A, the Defendant and others did cause to be filed a Form 1040 for tax year 2012 that fraudulently failed to report millions of dollars of worldwide income that Client-1 earned while a U.S. taxpayer, which the Defendant and others concealed using Client-1's foreign trust;

B, the Defendant and others did cause to be filed a Form 1040 for Client-1 for tax year 2013 that fraudulently failed to report foreign income that Client-1 earned while a U.S. taxpayer, which the Defendant and others concealed using Client-1's Offshore Structure concealed using Client-1's foreign trust;

C, On or about October 12, 2015, the Defendant and others did cause to be filed a Form 1040 for Client-1 for tax year 2014 that fraudulently failed to report foreign income that Client-1 earned while a U.S. taxpayer, which the Defendant and others concealed using Client-1's foreign trust;

D, On or about September 27, 2016, the Defendant and others did cause to be filed a Form 1040 for Client-1 for tax year 2015 that fraudulently failed to report foreign income that Client-1 earned while a U.S. taxpayer, which the Defendant and others concealed using Client-1's foreign trust;

---

[11] MFJI, Instruction 19-07.

E, On or about September 15, 2017, the Defendant and others did cause to be filed a Form 1040 for Client-1 for tax year 2016 that fraudulently failed to report foreign income that Client-1 earned while a U.S. taxpayer, which the Defendant and others concealed using Client-1's foreign trust;

F, On or about October 22, 2018, the Defendant and others did cause to be filed a Form 1040 for Client-1 for tax year 2017 that fraudulently failed to report millions of dollars of foreign income that Client-1 earned while a U.S. taxpayer, which the Defendant and others concealed using Client-1's foreign trust; and

G, On or about January 20, 2015, the Defendant and others did cause to be filed a Form 1040 for Client-2 for tax year 2013 that fraudulently failed to report foreign income that Client-2 earned while a U.S. taxpayer, which the Defendant and others concealed using Client-2's foreign trust. In order for the Government to satisfy this element, it is not required that all of the overt acts alleged in the Indictment be proven. Similarly, you need not find that the Defendant committed the overt act. It is sufficient for the Government to show that one of the conspirators knowingly committed an overt act in furtherance of the objectives of the conspiracy to which the Defendant agreed, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the Indictment. It is sufficient if you are convinced, beyond a reasonable doubt, that it occurred at or about the time and place stated.

**REQUEST NO. 10: CONSPIRACY AND SUBSTANTIVE COUNTS**

One of the crimes, or objectives, with which Count One charges the Defendant conspiring to commit — namely aiding and assisting in the preparation and filing of a false tax return — also forms the basis for substantive counts in which the Defendant is charged with actually committing the crime. Consequently, the crime of aiding and assisting in the preparation and filing of a false tax return will be described in detail at a later point in my charge, and you should refer to those instructions in deciding whether the Government has proven that it was an object of the charged conspiracy.

However, the Government has not charged the Defendant with a substantive count of tax evasion and only alleges that it was an object of the conspiracy charged in Count One. I will, therefore, instruct you regarding the elements of tax evasion now.

## REQUEST NO. 11: OBJECT OF THE CONSPIRACY — TAX EVASION[12]

As I stated, Count One charges that the Defendant conspired with others to knowingly and willfully violate § 7201 of Title 26 of the United States Code, which provides, in pertinent part:

> Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of [a crime] ...

It is a criminal offense for a person to knowingly and willfully attempt to evade income tax owed to the Government, whether it is his or her own tax liability or a tax liability owed by somebody else. In this case, the Government contends that the taxpayers, whose tax returns are the subject of each substantive counts that charge the Defendant with aiding and assisting in the preparation and filing a false or fraudulent return, owed more federal income tax than they reported on the returns for one reason only, because the Defendant willfully advised them to not report certain foreign income that the Defendant knew the taxpayers had a duty to report. In order to find that the Defendant is guilty of conspiring to commit tax evasion, the Government must prove the following three elements beyond a reasonable doubt:

First, that the relevant taxpayer owed substantially more federal income tax than he declared due on the income tax return for the tax year you are considering;

Second, that the Defendant committed one or more affirmative acts of tax evasion alleged in the Indictment; and

Third, that the Defendant acted willfully and knowingly in attempting to evade or defeat the tax.

In order to prove the first element in this case, whether or not the taxpayer owed substantially more federal income tax than he declared, we focus on the doctrine of economic

---

[12] MFJI 59-01.

substance. Generally speaking, a transaction has no economic substance if it has "no business purpose or economic effect other than the creation of tax deductions."[13] A transaction that lacks economic substance cannot enter into tax computations.

In this case, the Government contends that the taxpayers owed substantially more federal income tax than they reported on their U.S. individual tax returns during specific years when they qualified as U.S. tax residents. The Government alleges that the taxpayers underreported their taxable income, only because the Defendant advised them that they did not have to report the income from certain foreign business entities and trusts in which they did not hold any economic or beneficial interest at the time that they were U.S. tax residents. The Government alleges that the Defendant knew that the transactions by which the taxpayers created the foreign entities and trusts lacked economic substance and, since the taxpayers remained the true owners of those entities, he knew that they were required to report the foreign income on their U.S. individual tax returns.

The Defendant disputes that. He contends, among other things, that the transactions did not lack economic substance and that he reasonably believed that, as a result, the taxpayers did not hold an ownership interest in the foreign entities such that would require them, as U.S. tax residents, to report the income from those entities on their individual U.S. tax returns.

In order to prove that a transaction had no economic substance, the Government must prove, beyond a reasonable doubt, that it had no business purpose, and second, that there was no reasonable possibility that the transaction affected the taxpayer's economic or beneficial interests. You, of course, may consider any direct evidence of the taxpayer's motive. But you are not limited to direct evidence in deciding why a taxpayer did a transaction. You can consider circumstantial

---

[13] *See Altria Grp., Inc. v. United States*, 694 F. Supp. 2d 259, 281 (S.D.N.Y. 2010) (quoting *Nicole Rose Corp. v. Commissioner*, 320 F.3d 282, 284, 52 Fed. Appx. 545 (2d Cir. 2003)).

evidence as well.

If you find that the Government has not proved that the tax benefits were the only reason for the taxpayer to create the specific business entity, you must reject the Government's economic substance argument. And you, therefore, must reject its contention that there was additional tax due and owing. That in turn would require you to find the Defendant not guilty of conspiring to evade taxes as it relates to that deal, investment, or business strategy. If you find that the Government has proved that the tax benefits were the only reason for the transaction, you will go on to consider the second part of the economic substance test, which is whether there was a reasonable possibility that the taxpayer's beneficial or economic interests were affected by the transaction. I want to emphasize to you that this factor requires you to come to an objective judgment about whether the Government has proved that there was no reasonable possibility that the transaction would affect that taxpayer's economic interests. In other words, this doesn't depend on what the taxpayer believed about the effect of the transaction, it requires you to consider all the evidence that you have and reach a conclusion about whether the government has proved beyond a reasonable doubt, that there was no reasonable possibility that it would affect that taxpayer's economic interest.

With respect to a foreign trust, you should consider whether the taxpayer's relationship to the transferred property differed materially before and after the trust's creation, whether the trust had an independent trustee, whether an economic interest passed to other trust beneficiaries, and whether the taxpayer respected restrictions imposed on the trust's operation as set forth in the trust documents and the law of trusts.[14]

The second element of tax evasion that the Government must prove beyond a reasonable

---

[14] *See Sec. & Exch. Comm'n v. Wyly*, 56 F. Supp. 3d 394, 409 (S.D.N.Y. 2014).

doubt is that the Defendant committed an affirmative act of tax evasion. In this case, the Government alleges that, during the time that the taxpayers qualified as U.S. residents, the Defendant and others advised the taxpayers to remove themselves as beneficiaries of their foreign trusts, which held the taxpayers' worldwide income. The Government further alleges that the Defendant then advised the taxpayers to install non-U.S. tax resident beneficiaries with respect to some taxpayers, or to create a foreign entity to collect a portion of their worldwide earnings and then transfer ownership of that entity to non-U.S. tax residents for others. The Government alleges that the sole purpose of this advice was to conceal and disguise the taxpayers' beneficial ownership and effective control of those foreign trusts and corporate entities in order to avoid reporting their income. In order to satisfy this element, you all must agree that the Defendant committed at least one affirmative act of tax evasion.

The third element that the Government must prove beyond a reasonable doubt is that the Defendant acted knowingly and willfully. As I stated in the context of the conspiracy count, to act knowingly means to act voluntarily and deliberately rather than mistakenly or inadvertently. A willful act for this purpose is defined as a voluntary and intentional violation of a known legal duty.

Thus, the Government must prove beyond a reasonable doubt not only that the Defendant knew that the relevant taxpayer owed substantially more tax than was declared on the taxpayer's individual income tax return for the year that you are considering, but also that the Defendant possessed the specific intent to defeat or evade the payment of those taxes. A taxpayer does not evade taxes willfully if he is merely careless. He must intend to evade taxes.

I instruct you also that you may find that the Defendant acted willfully in this respect only if the Government has persuaded you beyond a reasonable doubt that the Defendant, first of all,

knew that the relevant taxpayer was motivated by no business purpose apart from the creation of a tax deduction. Secondly, knew that the strategy in question had no reasonable possibility of an economic effect with respect to the taxpayer, without regard to tax benefits. And, thirdly, knew that the tax due and owing had the taxpayer reported the foreign income would have been substantially greater than the tax actually reported on the taxpayer's tax return.

### REQUEST NO. 12: COUNTS TWO THROUGH SIX – AIDING AND ASSISTING IN THE FILING OF A FALSE OR FRAUDULENT TAX RETURN[15]

In Counts Two through Six of the Indictment, the Government alleges that the Defendant aided and assisted in the filing of a false or fraudulent tax return on behalf of the taxpayers for certain years during which the taxpayers were U.S. tax residents. I will now explain the elements of Counts Two through Six in additional detail. Section 7206(2) of Title 26 of the United States Code, provides, in relevant part:

> Any person who willfully aids or assists in, or procures, counsels or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim or document [shall be guilty of a crime].

In order to find the Defendant guilty of filing a false or fraudulent tax return, the Government must prove each of the following four elements beyond a reasonable doubt.

The first element that the Government must prove beyond a reasonable doubt is that the Defendant advised or assisted in the preparation of a tax return that was subsequently filed by someone who owed a duty to file accurate tax returns. It is not required that the Government prove that the Defendant actually prepared or signed the return in order to prove that he aided in its preparation. Proof that the Defendant provided knowingly false information or directions with the expectation that the information he provided would be used to file a tax return is sufficient to satisfy this element.

The second element that the Government must prove beyond a reasonable doubt is that the return was false as to a material matter. An income tax return may be false not only by reason of

---

[15] MFJI, Instruction 59-04.

understatement of income, but also because of an overstatement of lawful deductions or because deductible expenses are mischaracterized on the return. The false statement in the return must be material. A statement is material if it is essential to the accurate calculation of the clients' taxes,[16] or when it has the potential to hinder the IRS's efforts to monitor and verify the tax liability of the taxpayer.[17] This means that it must be essential to an accurate determination of the taxpayers' tax liability.

The third element that the Government must prove beyond a reasonable doubt is that the Defendant acted willfully. In order for the Government to prove this element, it must establish beyond a reasonable doubt that the Defendant acted voluntarily and intentionally, with the specific intent to knowingly provide erroneous advice that would result in the filing of a false tax return, when it was the legal duty of the Defendant not to do so, and the Defendant knew it was his legal duty not to do so.

---

[16] *See United States v. Klausner,* 80 F.3d 55, 60 (2d Cir. 1996).
[17] *See United States v. Pirro*, 212 F.3d 86, 89 (2d Cir. 2000).

## REQUEST NO. 13: THE GOOD FAITH DEFENSE[18]

The "good faith" of the Defendant is a complete defense to the charge of Conspiracy contained in Count One of the Indictment because good faith on the part of the Defendant is, simply, inconsistent with knowingly and willfully conspiring to defraud the United States and the IRS. It is also a requirement for the charge of Conspiracy that at least one other person entered into an agreement with the Defendant to achieve the unlawful object so therefore if the alleged co-conspirator or co-conspirators had a "good faith" defense, the Defendant cannot be found guilty because he will not have agreed with another person to knowingly violate the law.

The "good faith" of the Defendant is also a complete defense to the charges of Aiding and Assisting Preparation of a False and Fraudulent U.S. Individual Income Tax Return as contained in Counts Two through Six of the Indictment. Here too, the good faith on the part of the Defendant is inconsistent with knowingly and willfully providing incorrect advice to the taxpayer clients that would result in the filing of a tax return that was false and fraudulent as to material matters. Similarly, the "good faith" of the co-conspirator or co-conspirators who had a duty to file accurate tax returns would provide a defense to these substantive charges for the Defendant.

A person operates in "good faith" when he or she acts, or causes another person to act, on a belief or an opinion honestly held. Such a "good faith" belief is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

If the Defendant believed in good faith that he was acting properly, even if he was mistaken

---

[18] Adapted from Kevin F. O'Malley et al., 1A Fed. Jury Practice & Instructions § 19:06 (6th ed. 2024).

in that belief, and even if others were injured by his conduct, there would be no crime. The burden of establishing a lack of good faith and criminal intent rests on the Government. The Defendant is under no burden to prove his good faith; rather, the Government must prove, beyond a reasonable doubt, bad faith or that the Defendant knowingly and willfully conspired to evade taxes and that he knowingly and willingly provided erroneous advice with the intent that it would result in the filing or a false and fraudulent tax return.

## REQUEST NO. 14: THE THEORY OF THE DEFENSE — EXPLAINED[19]

The Defendant has pleaded "Not Guilty" to all of the charges contained in the Indictment. This plea of not guilty puts in issue each of the six counts the essential elements of the offenses as I have described them in these instructions and imposes on the Government the burden of establishing each of these elements by proof beyond a reasonable doubt.

The Defendant, moreover, contends that he is not guilty of the crime charged because he did not act willfully. That is, based on his assessment of the facts and circumstances and his understanding of tax law, even if mistaken, he held a reasonable belief that the taxpayer clients did not need to report the income from the foreign entities, even while they were U.S. tax residents.

The Defendant has no obligation to prove to you that his theory is correct. The burden of proof remains on the Government to prove beyond a reasonable doubt each element of the offenses charged against the Defendant, including that he acted with the specific intent to violate the law, knowing that the law imposed upon him a legal duty not to do so.

---

[19] Adapted from Kevin F. O'Malley et al., 1A Fed. Jury Practice & Instructions § 19:01 (6th ed. 2024). *See also*, *United States v. Dove*, 916 F.2d 41, 47 (2d Cir. 1990) ("[A] criminal defendant is entitled to instructions relating to his theory of defense[.]")

**REQUEST NO. 15: VENUE**

In addition to the elements I have already described for each count in the Indictment, in order to convict the Defendant on a given count, the Government must also prove that at least one act in furtherance of that crime occurred within the Southern District of New York, which includes all of Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties. This is called venue. The Government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence. That is, it is more likely than not that an act in furtherance of the crime you are considering occurred in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, you must acquit the Defendant of the charge you are considering.