# LAW OFFICE OF KERRY LAWRENCE, PLLC
### 140 GRAND STREET
### SUITE 705
### WHITE PLAINS, NEW YORK 10601
Telephone: (914) 946-5900
Email: kerry@kerrylawrencelaw.com

Admitted in NY & CT

October 9, 2024

<u>By ECF</u>

The Honorable Cathy Seibel
United States District Judge
United States Courthouse
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

   Re: <u>United States v. Frank Butselaar</u>
      22 Cr. 560 (CS)

Dear Judge Seibel:

  We write on behalf of our client Frank Butselaar in the above-captioned matter to raise with the Court two substantial concerns regarding the Government's proposed jury instructions (the "Govt PJIs"), which were submitted on Friday, October 4th. We provided an earlier draft of this letter to the Government on Monday, October 7th.

  <u>First</u>, the Govt PJIs memorialize the Government's expectation that the jury make specific determinations of tax law to render its verdict. Specifically, Requests 17 through 23 of the Govt PJIs ask the Court to instruct the jury as to various complex issues of United States tax law, provisions of the United States tax code and accompanying regulations. The Government proposes the Court instruct the jury that, "[t]o decide if an entry on a tax return is false and material, you must apply the tax laws, as I explain them to you, to the facts as you find them." Govt PJIs at 23-38. The Government proposes that the Court "explain" complex concepts of taxation, including "Taxation of Worldwide Income," "Transactions Lacking Economic Substance," "Ownership," "Trusts Generally," "Grantor Trusts," and "Controlled Foreign Corporations" by reading to the jury a few sentences or at most a few paragraphs for each concept of taxation.

The Government does not indicate in the Govt PJIs what facts the jury will be expected to apply to make its determinations as to the complex tax structures and principles or their relevance. The Govt PJIs increase the ambiguity of their proposed jury exercise by including "qualifying language" in its instructions that guide the jury further away from the type of individualized, tax return-specific analysis that is necessary and warranted, towards more generic treatment of the evidence and law. *See* Govt PJIs at 24 (Taxation of Worldwide Income), 27 (Ownership), 29 (Trusts Generally) (seeking instructions as to general provisions of tax law); *see also* Govt PJIs at 35 (Controlled Foreign Corporations) (seeking instructions that relevant tax laws apply to "U.S. taxpayers who meet *certain* requirements" without further elaboration) (emphasis supplied).

We fear that the Government's proposed methodology is simply unworkable. A meaningfully competent analysis of any one of the tax provisions raised in the proposed instructions would require specialized, extensive, and individualized factual analysis by the jury for each taxpayer. The United States Internal Revenue Service ("IRS") — with highly trained tax attorneys and agents — typically would conduct detailed, exacting, and time-consuming factual analysis to address these issues based upon their legal expertise. The IRS conducts a holistic review of the taxpayer's status and, in cases such as this, commercial structures and vehicles, engaging directly with the taxpayer and his or her professionals to ask questions and seek additional information prior to making any determination. Moreover, the IRS could avail itself of the United States tax courts — which operate without empaneling a jury — to decide of the legality of the structures in question.

Here, the Government proposes that a jury of twelve lay people assume the duties of the IRS, which has never rendered a judgment on the appropriateness of any of the tax vehicles in question. Moreover, unlike the IRS, the jury will not have all of the information or the ability to obtain information that would typically be reviewed in order to make these determinations. The jury is not being asked to apply these complex concepts to a simple transaction but to an entire corporate structure that was designed around the diverse needs of a niche business. The jury's lack of requisite subject matter expertise is further compounded by the fact that under the Government's proposed protocol, it would be asked to make complex tax judgments based on the Court's limited instructions made *after* the jury had heard fact-based testimony without the benefit of any of the "tax principles" that the Government proposes in its instructions.

Without an actual determination by an appropriate arbiter of the lawfulness of the tax filings, Mr. Butselaar cannot be fairly judged on the charges in the superseding indictment. Such a determination will be difficult, if not impossible, to be made reliably by a jury, especially under the methodology proposed by the Government's requests to charge.

Second, the Government states in Request No. 15 that an element of its superseding indictment's substantive counts two through six of aiding and assisting in the preparation of false tax returns requires the jury to make a finding beyond a reasonable doubt that Mr. Butselaar "acted voluntarily and intentionally with the specific intent to violate a known legal duty." Govt RJIs at 21. The problem for the Government is that Mr. Butselaar had no legal duty with respect to any of the tax filings described in the substantive counts. As far as we can divine, only the respective taxpayers and tax filers for each filing would have a legal duty to make correct submissions to the IRS.

Mr. Butselaar does not himself have any legal duties in connection with the allegedly infirm filings in counts two through six. Mr. Butselaar's alleged criminal liability, if any, is wholly derivative of any criminal liability for one or more co-conspirators who hold a legal duty. Accordingly, the Government must prove that the taxpayer or professionals who did hold such a duty "acted voluntarily and intentionally with the specific intent to violate a known legal duty." None of the potential holders of such a duty are a defendant or have ever been charged. As a result, the jury will be severely limited in its ability to divine whether such a co-conspirator violated his or her known legal duty, whether the co-conspirator acted voluntarily and intentionally, whether the co-conspirator knew of their duties, or whether the co-conspirator had the specific intent to violate their duties.

The *mens rea* of any such co-conspirator is the threshold issue for a jury to explore criminal liability for any individual in this case. The conduct at the heart of the Government's superseding indictment — the filing of tax returns — is not *malum in se* and a jury must make a determination as to whether at least one alleged co-conspirator with a legal duty knowingly and willfully violated that duty. Only then can a jury make an assessment as to whether Mr. Butselaar agreed with at least one co-conspirator to pursue an illegal object of the conspiracy and whether he aided in the preparation of a tax filing to violate a known legal duty. The absence of any identified co-conspirator in this case as a charged defendant will make this requisite *mens rea* determination of a co-conspirator of Mr. Butselaar highly problematic for a jury and threaten to deprive Mr. Butselaar of his Confrontation clause rights.

While typically counsel addresses issues regarding requests to charge during a charge conference during the trial, because of the impact the foregoing issues have on trial preparation we ask the Court to consider them at the earliest opportunity.

Overlapping with these issues, the Government, in our most recent discussions, has stated that it is unwilling to identify the individuals or entities that it intends to treat as co-conspirators in their prosecution of Mr. Butselaar unless we agree to only receive such information on an attorney's eyes-only basis. The delay in providing this information to date has already hindered our preparation of Mr. Butselaar's defense and we are not aware of any support for their proposed restriction as a condition for disclosing this essential information. Furthermore, the Government has produced more than 150 documents of Rule 16 discovery since September 27th, some of which appear to have been in its possession since 2022. We respectfully request that the Court order the Government to identify a complete set of its co-conspirators for trial and complete its Rule 16 discovery as soon as possible but by a date certain set by Your Honor.

Thank you for your consideration in this matter.

Respectfully submitted,

Kerry A. Lawrence

Kerry A. Lawrence
Samidh Guha
Diane M. Fischer

*Attorneys for Frank Butselaar*

cc: All Counsel (via ECF)