**EXHIBIT C**

| Date | From | To | Excerpt of Email | GX |
|---|---|---|---|---|
| 12/03/2012 | St. John | Butselaar | "The case I was referring to was Sargent v. Commissioner which relates to the IRS disregarding loan-outs. It is my understanding that Grantor trusts don't counter this." | G-84 |
| 05/24/2013 | Frank | Helsloot (fwd to Butselaar) | "It sounds like we will have to treat Nick as a US tax resident for 2012. . . . As a US resident, income in the corporation is taxed to Nick whether it is distributed to him or not." | A-105T |
| 01/10/2014 | Frank | Butselaar | "Based on the substantive presence test for 2013, Nick would qualify as a US tax resident. You mention in your memo this formula in order for Nick to avoid not being liable for US taxes on worldwide income and it appears essential to your international structure." | A-131 |
| 01/29/2014 | Frank | Butselaar | "Since Nick is now a US tax resident and taxed on his worldwide income, I believe we have to look at the CFC (controlled foreign corporation) and Subpart F rules. Under IRC 954(C)(1)(H), Undistributed personal service income (i.e. touring and artist royalties) from foreign corporations are taxable to the US shareholder as an ordinary income inclusion. . . . Depending on the worldwide income to include on a 2013 US return, there definitely appears to be more 2013 taxes owed that have not been covered already." | E-8 |
| 02/04/2014 | Kolstad | Frank (fwd to Butselaar on 02/18/2014) | "I reviewed the memo on Afrojack's international structure, and various emails between you and his European advisors, and I concur with your analysis and identification of issues. . . . The regulations under Section 957, which defines the term controlled foreign corporation, address devices used to shift voting power away from US tax residents to other persons in an effort to decontrol the company. In this case, I understand that his mother is a shareholder of the foreign corporation; it is unlikely that the IRS would respect that ownership as being effective to decontrol the foreign corporation. . . . If the foreign corporation is a controlled foreign corporation, then the Subpart F income rules may apply. If they do, then he would be subject to US tax on the income of that foreign corporation whether or not distributed to him. Royalties from the exploitation of name and likeness rights, as well as income from touring and personal performances are both categories of Subpart F income, and thus taxable immediately unless they qualify under applicable exceptions. . . . Special rules apply where the foreign trust was established within 5 years of his becoming a US tax resident." | A-138T |
| 03/05/2014 | Butselaar | Marshall | "Last month David was advised on the Afrojack structure by Charles Kolstad. This Charles guy (shooting from the hip) wrote down in an email (consisting of 5 lines) that the Afrojack structure didn't work and that Afrojack needed to file all his income because all companies were considered to be transparent. Last Wednesday, during a conference call he even took the word 'fraud' in his mouth." | G-115 |
| 04/30/2014 | Howitt | Butselaar | "I suppose the worst case scenario is that Tijs has some form of US tax investigation and the tax authorities make enquiries of his affairs and the trust structure. If, during the investigations, Tijs states that he is not a beneficiary but rather it is a trust set up to benefit a charity, I guess the next question to him could be 'so we assume that this charity has received distributions from the trust.' If the answer to that question is 'No,' then that could lead to further difficult questions and potentially tax problems for Tijs in US? The Authorities might try to argue that the charity is not really a beneficiary but was only added to try to avoid US taxes." | H-78 |
| 09/03/2014 | Marshall | Butsleaar | **M. Marshall Testimony:** "I said that Greenberg couldn't confirm the trust structure. And I said the reason why was highlighted in this document. And I didn't go into any explanation of that because that would have been something Seth would have done. I just simply forwarded this document to Frank and said these highlighted areas are where the trust went wrong." | G-142; Marshall Tr. 480:25-482:24 |
| 03/03/2015 | Howitt | Butselaar; van Spaendonck | "I have now had a chance to discuss the issues we discussed regarding FATCA with one of my colleagues who is coordinating our FATCA reporting and related aspects. . . . [I]n this case, Tijs is not excluded from benefit, he has simply been removed as a beneficiary. Therefore, according to the Guidance Notes the 'whole value of the trust' will be attributable to him, and will be reportable." | H-89 |

| Date | From | To | Excerpt of Email | GX |
|---|---|---|---|---|
| 06/15/2016 | Kamelhar | Butselaar | "[I]f Romee is a US resident she is subject to tax on her worldwide income. Similarly if she sets up a non-US company and receives compensation for her modeling services – such company is required to report its activity to the US and such income would be Subpart F income and subject to US taxation.<br><br>Your proposal requires a 3rd party to own a majority interest in the company but still states that Romee will be the beneficiary owner – in the US this is known as nominee ownership and would not avoid US reporting requirements. Unfortunately the law is a bit vague but US has been increasing its enforcement against this type of structure. Such structure should have both a legitimate business purpose and not just nominee ownership but economic ownership of someone other than the taxpayer.<br><br>I do not recommend any structure whereby the individual truly grants such significant rights to a 3rd party. [*Link to news article*]"<br><br>*The New York Times* — https://www.nytimes.com/2016/06/06/us/panama-papers.html<br><br>**Panama Papers Show How Rich United States Clients Hid Millions Abroad**<br>By Eric Lipton and Julie Creswell<br>June 5, 2016 | B-366;<br>I-64 |