

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States Attorney's Office*
*50 Main Street, Suite 1100*
*White Plains, New York 10606*

February 10, 2025

<u>BY ECF AND EMAIL</u>
The Honorable Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:    *United States v. Frank Butselaar*, S1 22 Cr. 560 (CS)

Dear Judge Seibel:

The Government writes in response to the defendant's February 4, 2025 letter seeking disclosure of an August 2020 application to toll the limitations period in this case under 18 U.S.C. § 3292 (the "August 2020 Application"). The defendant's request is entirely unsupported by facts or law and should be denied.

<u>Background</u>

A grand jury returned an Indictment against the defendant on October 20, 2022. The defendant was first presented on the Indictment on October 2, 2023. The grand jury then returned a superseding Indictment against the defendant containing the same charges as the October 20, 2022 Indictment on September 17, 2024. The defendant was then arraigned on the superseding Indictment on September 24, 2024.

It has been clear since the return of the initial Indictment in this case that certain counts might be time barred absent some form of tolling. Indeed, on September 21, 2024, shortly after the superseding Indictment was returned, the defense wrote to the Government asking for its position on what the defense saw as "a real Statute of Limitations problem." On the same day, the Government replied that a statute of limitations defense would be meritless because there were several bases for the tolling of the statute of limitations including (1) tolling based on the filing of an MLAT and (2) tolling during the time "the person committing any of the various offenses arising under the internal revenue laws is outside the United States." *See*, 18 U.S.C. § 3292; 26 U.S.C. § 6531.[1] The defense thereafter elected not to raise a statute of limitations argument, nor did it assert that there were insufficient disclosures.

---

[1] The email originally sent on September 21, 2024 is attached here as Exhibit A. It was resent to the defense prior to the filing of their motion.

Since then, the defendant went to trial, executed a plea agreement in which he waived any right to challenge his conviction based on unproduced materials, s*ee* Plea Agreement at 5, and he entered a guilty plea mid-trial.

On January 29, 2025—more than two months after the change of plea hearing—the defense made its first request for the August 2020 Application. In response, the Government asked the defense to supply a basis for the request. The defense did not provide a substantive response for a basis. That same day, the Government again reiterated its request for a basis for disclosure of the August 2020 Application. The defense again demurred and, instead, invoked "*Brady* and discovery obligations." This unsupported request should now be denied.

<u>Discussion</u>

The defendant has provided no legally supportable explanation for why he is entitled to the August 2020 Application. Indeed, the Second Circuit has held that a defendant does not have an unfettered right to "see the *ex parte* papers filed by the Government" underlying a "§ 3292 order." *United States v. Lyttle*, 667 F.3d 220, 225 (2d Cir. 2012). That is particularly so given that the defendant here made "no argument . . . [,] let alone presented any evidence[,] that the government failed to meet the standard for tolling." *Id.* at 225–26.

The defendant seems to implicitly argue that the basis for disclosure is that the August 2020 Application is somehow relevant to sentencing. *See* Def. Ltr. at 2 ("Mr. Butselaar has no intention of changing course and is prepared to be sentenced" but asks to review the application to "explore[] potential mitigating arguments"). But the defendant has not even attempted to explain how an application to toll a limitations period could have any bearing on his sentencing. As described above, the Government invited the defendant to provide a basis for his request, but the defendant declined to do so.

Instead, the defendant has repeatedly invoked *Brady*. *Brady* requires the disclosure of "favorable evidence to the accused where such evidence is 'material' either to guilt or to punishment." *United States v. Coppa*, 267 F.3d 132, 139 (2d Cir. 2001). Nothing about the August 2020 Application bears on guilt or punishment. To get around that issue, the defendant advances an unsupported interpretation of *Brady:* that any unproduced document may contain *Brady* (and so is subject to disclosure) until the defense has had the opportunity to review the document for itself. *See* Def. Ltr. at 2 (asserting that defense counsel "must review" the application "to ensure that [they] have fully explored potential mitigating arguments"). That interpretation ignores the well-established law governing *Brady* disclosures. *See, e.g.*, *United States v. Maniktala*, 934 F.2d 25, 28 (2d Cir. 1991) ("Materiality means more than that the evidence in question bears some abstract logical relationship to the issues in the case. There must be some indication that pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor." (cleaned up)).[2]

---

[2] Because the defendant has no right to production of this document, the Government is not required to make any showing of harm or prejudice to resist disclosure. *See, e.g.*, *United States v. Collins*, 409 F. Supp. 3d 228, 245 (S.D.N.Y. 2019).

The defendant's only other reason for seeking the disclosure of the August 2020 Application is an apparent suggestion that the tolling order might not apply to him because his name is not expressly mentioned on its face. Def. Ltr. at 2 ("[T]he Tolling Order makes no reference to Mr. Butselaar."). But that argument is also meritless. The defendant was expressly named in the August 2020 Application, which this Court reviewed before granting the Government's request for tolling, and the order expressly names a business management firm, certain employees of that firm (with whom the defendant later admitted to conspiring), and other "related entities and individuals"— *e.g.*, the defendant. And, in any event, § 3292 does not require that a defendant be expressly named for purposes of tolling. "The plain language of the statute establishes that Section 3292 is offense-specific—it repeatedly refers to 'an offense' or 'the offense.'" *United States v. Michel*, No. CR 19-148-1 (CKK), 2019 WL 5797669, at *9 (D.D.C. Nov. 6, 2019) (quoting 18 U.S.C. § 3292(a)(1)). Section 3292 therefore "suspends the statute as to an offense—it does not suspend the statute as to activities of an individual." *United States v. Afshari*, No. CR 01-209CDOC, 2009 WL 1033798, at *2 (C.D. Cal. Apr. 14, 2009). Indeed, a contrary "'interpretation would penalize the Government for lack of omniscience as to who was involved in offenses under investigation.'" *United States v. Ratti*, 365 F. Supp. 2d 649, 656 (D. Md. 2005) (quoting *United States v. Neill*, 952 F. Supp. 831, 834 (D.D.C. 1996)); *see also United States v. Trainor*, 277 F. Supp. 2d 1278, 1283 (S.D. Fla. 2003) (stating that "tolling under § 3292 is offense-specific, and not person-specific"), *aff'd*, 376 F.3d 1325 (11th Cir. 2004).[3]

Finally, even setting all the above aside, the defendant, in his plea agreement, waived any challenge to his conviction, including based on the non-production of materials. *See* Plea Agreement at 5. And Second Circuit case law is clear that a defendant's guilty plea is binding on him even in cases where a limitations period has run. *See United States v. Hsu*, 669 F.3d 112, 117–18 (2d. Cir. 2012) (reasoning that even if "the limitations period had run on two of the counts, [the defendant's] plea of guilty waived the statute-of-limitations defense").

In short, the defendant is not entitled to this post-plea production. The defendant has waived challenges to his conviction and, even if he had not, he has not offered any basis for why

---

[3] In an email to the Government on February 5, 2025, defense counsel further requested the Government to produce "the Final Actions (as defined in Section 3292) that correspond to the [G]overnment's official requests referred to in paragraph 5 of the Court's August 19, 2020 order." But, as set out in Exhibit A, the Government had already pointed the defense to produced materials that demonstrate that all counts in the Indictment were timely under even the most conservative view of when "final action" could have been taken under Section 3292.

he would be entitled to disclosure of the August 2020 Application nor any explanation as to how the August 2020 Application is relevant to his sentencing

Respectfully submitted,

DANIELLE R. SASSOON
United States Attorney for the
Southern District of New York

by: __/s/_____
Benjamin Klein
Shiva H. Logarajah
David A. Markewitz
Assistant United States Attorneys

cc: Counsel of Record (by ECF and Email)