LAW OFFICE OF KERRY LAWRENCE, PLLC
140 GRAND STREET
SUITE 705
WHITE PLAINS, NEW YORK 10601
Telephone: (914) 946-5900
Email: kerry@kerrylawrencelaw.com

Admitted in NY & CT

February 11, 2025

**VIA ECF**

The Honorable Cathy Seibel
United States District Judge
United States Courthouse
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *United States v. Frank Butselaar*, 22 Cr. 560 (CS)
              **Reply to Government's Sentencing Submission**

Dear Judge Seibel:

      We write to correct certain false representations to the Court advanced by the government in its sentencing submission dated February 6, 2025.

      <u>First</u>, the government represents to the Court that it extended the plea offer with the three-year cap to Mr. Butselaar as "an act of leniency" made in part after an "emotional presentation" by defense counsel on the morning of November 14, 2024. *See* Gov't Submission at 12. This is demonstrably false, and the record should be corrected.

      As Your Honor may recall, the trial day ended on November 13, 2024, the fifth day of trial, with the Court admonishing the government for drafting intentionally misleading 3500 material related to a disclosure during the testimony of Grant Howitt. Trial Tr. 1329-1334. This came on the heels of the government's belated *Brady* disclosure of correspondence between the two alleged co-conspirators at the New York-based management firm responsible for the filing of Mr. Verwest's 2017 U.S. tax return and a reputable international law firm advising them that they could file the return without risking liability. That evening, considering these events and trial risk, defense counsel reached out to the government to gauge its interest in a potential misdemeanor plea. The government insisted on a plea to the conspiracy count that carried a five-year maximum

Honorable Cathy Seibel, U.S.D.J.
Re: *United States v. Frank Butselaar*, 22 Cr. 560
February 11, 2025
Page 2

sentence, which defense counsel rejected. Both parties proceeded with their preparations for trial the following day.

As phone records and text messages would prove, the government initiated new plea discussions on the morning of November 14, 2024, with an offer for Mr. Butselaar to plead guilty to Count Two, a violation of 26 U.S.C. 7206(2) in connection with the filing of Mr. Van de Wall's 2013 U.S. tax return, which carried a three-year maximum sentence. The government made this offer before defense counsel had the opportunity to speak with Mr. Butselaar. The government made no mention at any time of Mr. Butselaar's "advanced age" (of 65 years old) or "his open criminal case in the Netherlands."[1] The government instead focused on requiring Mr. Butselaar to allocute in a manner that implicated the New York-based management company and his alleged co-conspirators over the objections of defense counsel, a demand that was memorialized by the government in the plea agreement.[2]

<u>Second</u>, the government's contention that the plea agreement requires Mr. Butselaar to pay restitution for the abandoned counts if the Court determines that to be relevant conduct is misleading. The plain and unambiguous language of the plea agreement requires a determination "by the Internal Revenue Service" as to any restitution amounts potentially due and owing. *See* Plea Agreement at 2. There has never been a determination by the IRS or any governmental body as to what, if any amounts, are owed from the taxpayers at issue in this prosecution. There was no testimony or other trial evidence on this topic.

Under normal circumstances, the IRS would either conduct an extensive audit of each taxpayer and/or prosecute a civil action to make such a determination. The government has had years to seek such a finding but elected not to do so. In reality, there has been no IRS determination of any outstanding tax liability arising out of this prosecution. The Court should not order restitution where there is nothing due and owing to any victim or government entity.

---

[1] The government similarly claims that it considered the "additional time off to account for the period of time he spent in custody awaiting extradition ... [and] the possibility of being ineligible for certain credits in custody" in making its plea offer. This too was not any part of the plea discussions with undersigned counsel.

[2] The government's reimagining of the plea negotiations is cartoonishly implausible. By its telling, the line assistants heard an emotional plea from defense counsel and, reminiscent of the protagonist in "The Grinch Who Stole Christmas," their hearts magically tripled in size, and they made the unilateral, spur of the moment decision to dismiss the four leading counts and offer a plea with a three-year cap. This simply did not happen. *Cf*. https://theconversation.com/can-your-heart-grow-three-sizes-a-doctor-reads-how-the-grinch-stole-christmas-108381 (demonstrating that the heart cannot experience such growth).

Honorable Cathy Seibel, U.S.D.J.
Re: *United States v. Frank Butselaar*, 22 Cr. 560
February 11, 2025
Page 3

       Thank you for Your Honor's consideration of these proposed corrections to the record based on the government's sentencing submission.

Respectfully submitted,

_____
Kerry A. Lawrence
Samidh Guha
Diane M. Fischer

cc: All Counsel (via ECF)